## JOHN SCHROEDER
### v.
## THOMAS WALSH.

1. PRACTICE—OBJECTIONS TO TESTIMONY—WHEN MUST BE SPECIFIC.—When the ground of an objection is of such a character that the objection may be obviated, it must be stated specifically, and in time to afford the fullest opportunity to obviate it, otherwise it will not avail.

2. APPLICATION OF RULE TO CASE IN QUESTION.—Where, in an action against him, a sheriff pleaded justification under a writ of attachment, which was served by his deputy, an objection presented for the first time in the form of an instruction to the jury, that no proof of the authority of the deputy to act as such was made, comes too late.

APPEAL from the Circuit Court of Grundy county; the Hon. FRANCIS GOODSPEED, Judge, presiding. Opinion filed January 19, 1882.

Mr. P. A. ARMSTRONG, Mr. L. H. BISBEE and Mr. S. W. MUNN, for appellant; that the circumstances in the case raise a strong

inference of fraud, and that fraud may be implied from the facts, cited Carter v. Gunnels, 67 Ill. 270; Strauss v. Kranert, 56 Ill. 254; Cool v. Phillips, 66 Ill. 216; Reed v. Noxon, 48 Ill. 323; Bullock v. Narrott, 49 Ill. 62; Bryant v. Simonean, 51 Ill. 324; Bowden v. Bowden, 75 Ill. 143.

Messrs. JORDAN & STOUGH, for appellee; that the verdict of the jury will not be disturbed unless it is manifestly against the weight of evidence, cited Malburn v. Schreiner, 49 Ill. 69; Hartley v. Hartley, 49 Ill. 302; C. B. & Q. R.R. Co. v. Gregory, 58 Ill. 272.

The bills of sale by which the corn in question was attempted to be transferred were void as against appellee: Thornton v. Davenport, 1 Scam. 296 ; Rhines v. Phelps, 3 Gilm. 455; Burnell v. Robertson, 5 Gilm. 282; Ketchum v. Watson, 24 Ill. 592 ; Bay v. Cook, 31 Ill. 336.

Where the instructions taken together fairly announce the law, a new trial will not be granted : Warren v. Dickson, 27 Ill. 115 ; Van Buskirk v. Day, 32 Ill. 260 ; Morgan v. Peet, 32 Ill. 281 ; Yundt v. Hartrunft, 41 Ill. 9 ; Ill. Cent. R. R. Co. v. Swearingen, 47 Ill. 206 ; Durham v. Goodwin, 54 Ill. 469 ; Lawrence v. Hagerman, 56 Ill. 68.

The sheriff can not justify under a writ served by his deputy without showing the authority of such deputy : Slaughter v. Barnes, 3 A. K. Marsh. 412 ; State Bank v. Curran, 10 Ark. 142 ; Land v. Patterson, Minor, 14 ; 1 Greenl'f's Ev. 36.

An officer can claim nothing for himself by virtue of his office, unless he holds *de jure:* The People v. Weber, 86 Ill. 283 ; Same case, 89 Ill. 347.

PLEASANTS, J.   The subject of this controversy is a stock of goods in store, which appellee, as purchaser from Ward and Pierce, replevied from appellant, who justified the taking as sheriff, under a writ of attachment against them.   It is clear from the whole record, that the real issue was whether the alleged sale to the plaintiff was fraudulent and void as against creditors of the vendors, and to it the proofs and instructions on both sides were mainly directed.   The replications indeed also traversed the official character of the defendant, and the

alleged delivery to and levy by him of the writ of attachment; but on the trial it was formally admitted that he was sheriff *de jure*, and the writ and return thereon, offered by him, were received and read in evidence over an objection by plaintiff, which was general only.

This return was signed in the name of the defendant as sheriff " by C. W. Card, deputy," of whose appointment and qualifications, no other evidence was offered, and the court, at the instance of the plaintiff, gave among others, the following instruction:

5. "The Court instructs you, that although you may believe from the evidence in this case that the defendant, Shroeder, was the sheriff of Grundy county, Illinois, at the time the goods in question were seized by virtue of the writ of attachment in this case, yet if said writ was not delivered to Shroeder as such sheriff, and was not levied by him, but was in fact delivered to and levied by one C. W. Card, such writ affords no justification to the defendant, unless you believe from all the evidence that said Card, at the time said writ was levied, was a deputy sheriff of said county; and, before you can find that he was such deputy, the evidence must show that the sheriff appointed Card as such deputy; which appointment must have been in writing and signed by the sheriff; and the evidence must also show that after such appointment, before such deputy entered upon his duties, he took and subscribed an oath or affirmation in like form as required by the sheriff, and filed the same in the office of the county clerk of said county."

A verdict was returned for the plaintiff, on which judgment was entered and the defendant appealed. The instruction so given in effect reversed the ruling previously made, by which the writ and return were received in evidence. If properly admitted, they were to be considered as just what they appeared and purported to be, and being so considered, they were not only competent, but indispensable, as being the primary evidence of certain material facts averred in the plea of justification of which the instruction virtually says there was none whatever, namely, that the defendant, as sheriff, had a valid warrant to take the goods of Ward and Pierce, and that by virtue thereof

Schroeder v. Walsh.

he had, through his deputy, taken the goods in controversy as their property.

The ground of objection to the writ and return was presented for the first time in the instruction after the testimony had been closed, the witness discharged, and the cause argued to the jury upon the evidence before them, and appears to be not that they were incompetent under all circumstances, but only until preliminary proof of the appointment and qualification of Card as deputy, in the manner prescribed by the statute, should be introduced. It implies that with such proof they would be proper, and might " afford a justification" to the defendant, as they certainly would if the alleged sale to the plaintiff was fraudulent as to creditors of Ward and Pierce, and the plaintiffs in the attachment were such creditors.

By a long series of decisions, it is settled in this State that the ground of an objection which is of a character that may be obviated, must be stated specifically and in time to afford the fullest opportunity to obviate it—that is, when the evidence objected to is offered; otherwise it will not avail. Gillham v. State Bank, 2 Scam. 248; Sargent v. Kellogg, 5 Gilm. 273; Swift v. Whitney, 20 Ill. 144; Buntain v. Bailey, 27 Id. 409; Clauser v. Stone, 29 Id. 114; Gillespie v. Smith, Ibid. 478; Curtis v. Marrs, Ibid. 511; Stone v. Gt. Western Oil Co. 41 Ill. 94; O'Brien v. The People, Ibid. 458; Osgood v. Blackmore, 59 Ill. 272; C. & A. R. R. Co. v. Morgan, 69 Id. 472; Hyde v. Heath, 75 Id. 381; Johnson v. Holloway, 32 Id. 335; Hardin v. Forsythe, 99 Id. 313; Sidwell v. Schumacher, Ibid. 432.

In this case it is probable that the preliminary proof would have been produced if the want of it had been suggested in apt time. As against a general objection the evidence was therefore properly admitted and should have been considered by the jury; but the instruction ruled it out, and by consequence, all other evidence tending to support the plea of justification. For the error in giving it, the judgment is reversed and the cause remanded.

Reversed and remanded.