## RUDOLPH LAMBERT ET AL.
### v.
### JAMES U. BORDEN.

1. VERDICT.—The verdict entered of record in the court is the only proper verdict.

2. APPELLATE COURT CAN NOT GO BEYOND THE RECORD.—An appellate court can ascertain the finding of the jury from the recorded verdict, and from that alone.

Lambert v. Borden.

3.  VERDICT AGAINST ONE DEFENDANT.—Where there are two defendants and the verdict as recorded is against "the defendant," without specifying which one is meant, it is insufficient to support a judgment against either.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.    Opinion filed May 9, 1882.

Mr. CHARLES WILLIAMS, for appellants ; that an appellate court can look only to the record to ascertain the finding of the jury, cited Patterson v. Cook, 8 Porter (Ala.), 66; Dornick v. Reichenbach, 10 Serg. & R. 84; Martin v. Morlock, 32 Ill. 485.

Messrs. KNICKERBOCKER & HOLDOM, for appellee.

BAILEY, J.    This was an action of forcible detainer, brought by James U. Borden against Rudolph Lambert and Mrs. L. Lambert, to recover possession of a certain house and lot in the city of Chicago.    A trial was had by a jury and a verdict rendered, which, as recorded by the clerk, was as follows:  " We, the jury, find the *defendant* guilty of unlawfully withholding possession of the premises described in the complaint in this case."    The court thereupon gave judgment that the plaintiff recover of the defendants possession of said premises, and that he have a writ of restitution therefor.

From certain supplementary transcripts certified to this court by the clerk of the court below, it appears that among the files of this cause remaining in that court, there is a paper purporting to be the original verdict returned into court by the jury, which reads as follows:  " We, the jury, find the *defendants* guilty of unlawfully withholding possession of the premises described in the complaint of this cause."

The recorded verdict is against only one of the defendants, without specifying which, and the question arises whether we can have recourse to the paper returned into court by the jury as their verdict, for the purpose of correcting or supplying any omissions or imperfections in the verdict as the same appears of record.    The uniform current of authority seems to be that an appellate court can ascertain the finding of the jury from the recorded verdict, and from that alone.

This precise question arose in Patterson v. Cook, 8 Porter' 66. There a verdict differing from the one appearing of record was certified to the appellate court, and in reply to a suggestion that the actual finding of the jury should be ascertained from such verdict, the court say: "Whatever may have been the verdict of the jury, we can only learn it as an appellate court, from the language used in the record of that judgment which we are called upon to correct." In Goodwin v. Appleton, 22 Maine, 453, the court say: "Before a verdict is recorded, the jury may vary from their first offer of their verdict, and the verdict which is recorded shall stand. The verdict is not regarded as valid and final until it is pronounced and recorded in open court."

The Supreme Court of Alabama, discussing this proposition say: "The jury need not retire from the court to agree upon their verdict, or they may retire to consult, as they think fit, under the control of the court. Whichever course they pursue, after the verdict is agreed upon, it is announced to the court by their foreman. This may be done in a written memorandum, or it may be done *viva voce*. When it is once agreed upon, and declared to the court, it is entered of record. The verdict thus recorded in court, is the only proper verdict. The written memorandum declaring the verdict returned by the jury as their verdict, is not a part of the record, or evidence of it, after the record of the verdict is made up; and until this is done, the verdict may be altered to suit the finding." Comer v. Jackson, 50 Ala. 384.

See, also, Dornick v. Reichenbach, 10 Serg. & Rawle, 84; Rees v. Towar, 38 Penn. St. 138; Edelen v. Thompson, 2 Har. & Gill. 31; Rosseau v. Daysson, 8 Martin (N. S.), 273; Martin v. Morelock, 32 Ill. 485.

The recorded verdict in this case being against only one of the defendants, it is clearly insufficient to support a judgment against both, and as it fails to show which of the defendants was convicted and which acquitted, it is equally insufficient to support a judgment against either. The judgment will therefore be reversed and the cause remanded.

Judgment reversed.