## James M. Jemison v. The Chicago Contract Construction Company et al.

1. APPELLATE COURT PRACTICE—*When the Court will Look into the Record.*—The principle that the court will not go to the record for matter not shown by the abstract does not apply to omissions which favor the party making the abstract.

2. VERDICTS.—*Recorded One the Real Verdict.*—It is the recorded verdict which controls, not the paper which is returned into court by the jury.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 1, 1896.

JOHN N. JEMISON, attorney for appellant.

JACOB R. CUSTER and JOSEPH A. GRIFFIN, attorneys for appellees.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The brief of the appellant cites Lambert v. Borden, 10

Ill. App. 648, as authority that a verdict for one defendant is not good where there are two, but omits to notice that it is the recorded verdict—not the loose paper which the jury returned into court—that is the real verdict.

Here the recorded verdict is in favor of the defendants in the plural—a feature not shown by the abstract.

The principle that we will not go to the record for matter not shown by the abstract does not apply to omissions which favor the party making the abstract.

It is unnecessary to consider the supposed merits of this case. The appellant did not attempt to show any case against French, but affirmatively proved that he had none.

If there be any error in the case it is no cause for reversing a judgment which, if it had been the other way, could not have stood. Davis v. Johnson, 41 Ill. App. 22; Theodorson v. Ahlgren, 37 Ill. App. 140.

The judgment is affirmed.