## John F. Neagle v. M. E. Herbert, for use American Radiator Co.

1. Pleading—*Special and Common Counts.*—Common counts are appropriate only when the defendant has received, in some form, the equivalent of the money which he is called upon to pay. But when his obligation to pay rests only upon his non-performance of his promise, however good the consideration for the promise, the declaration must be special. On the other hand, however special the contract, not under seal (and under the statute perhaps if it is), if the plaintiff has performed it and the defendant received the benefit under it for his own use, in general, some common count will suffice.

Assumpsit, upon a contract to put steam heating into a building. Appeal from the Superior Court of Cook County; the Hon. Philip Stein, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 11, 1896.

Frank Reynolds, attorney for appellant, contended that the court erred in permitting appellant to introduce in evidence the written contract on page 29 of the record, abstract 13, and the architect's certificate on page 28 of the record, abstract 20, for the reason that under the rules of pleading these instruments were not admissible in evidence under the common counts.

As was said in the case of Myers v. Phillips, 72 Ill. 460, "The second count is for money had to the use of the defendant, for money due on account stated and for money loaned. This instrument was not admissible in evidence, as it is not a note for the unconditional payment of money and no other instrument is admissible under the money counts."

The architect's certificate was not admissible in evidence under the common counts. "Where the matter to be performed is a condition precedent, performance of that matter must be shown in the declaration, although the third person was to do an act; as, where fire policies require that ministers should certify as to the plaintiff's character, it is held that a certificate by these persons was indispensable." 1 Chitty Pl. 323, 325.

There being no allegation whatever in the declaration that the plaintiff bases his action upon the contract offered in evidence, and no allegation that he received the certificate in accordance with the terms of that contract, both the contract and certificate were not admissible in evidence. The common counts, in an action of assumpsit, are founded on the express or implied promise to pay money in consideration of a precedent and existing debt in which the consideration must have been executed and not executory. 1 Chitty Pl. 340.

Where a party agrees to perform work to the entire satisfaction of the defendant and third persons, in an action to recover the price, it must be averred that the work was done to the satisfaction of such third persons. Butler v. Tucker, 24 Wendell 447; 1 Chitty Pl. 312.

"Where, by the proposals of the insurance company against fire, it was stipulated that the person should, in case of loss by fire, procure the certificate of the minister, etc., of the parish, importing that they know that the assured, etc., it was held that the procuring of such a certificate was condition precedent to the right of the assured to recover, and although it was found by the verdict that the ministers refused to sign the certificate, yet, as it was not averred in the declaration that the certificate was actually obtained, the judgment was arrested." 1 Chitty Pl. 323.

MARSTON, AUGUR & TUTTLE, attorneys for appellee.

When a building contract provides that payments shall be made upon architect's certificates, his certificate issued under the contract is decisive as to the amount and quality of work done. In the absence of any showing of fraud or mistake on his part, his decision, reduced to writing and signed by him, is the substantial act which determines the right of the plaintiff to the money and the obligation of the defendant to pay. Arnold v. Bournique, 144 Ill. 132; McAuley v. Carter, 22 Ill. 53; Lull v. Korf, 84 Ill. 225.

Where, in an action of assumpsit upon a contract, there remains nothing for the plaintiff to do, a declaration under

the common counts is sufficient. Combs v. Steele, 80 Ill. 101; Grand Lodge, etc., v. Cramer, 60 Ill. App. 212.

A recovery can be had on an architect's certificate under the common counts. Galbraith v. Chicago Architectural Iron Wks., 50 Ill. App. 248; Fowler v. Deakman, 84 Ill. 130; Stewart v. Carbray, 59 Ill. App. 397.

Such judgments have been sustained in Hennessy v. Metzger, 152 Ill. 505; Gilmore v. Courtney, 158 Ill. 432; Frost v. Rand, McNally & Co., 51 Ill. App. 276.

Where a party files points in writing specifying the ground for a motion for a new trial, he will be confined in the Appellate Court to the reasons so specified in the court below, and will be held to have waived all causes for new trial not set forth in his written grounds. Ottawa, etc., R. R. v. McMath, 91 Ill. 104; Hintz v. Graupner, 138 Ill. 158; Hayes v. Hambell, 62 Ill. App. 654.

Exhibits written on sheets succeeding the signature of the judge, instead of being incorporated into the bill of exceptions, constitute no part thereof. Harris v. Brain, 33 Ill. App. 510.

Mr. Presiding Justice Gary delivered the opinion of the Court.

The parties made a contract that the appellee would put the " steam-heating" into a building, and that the appellant would pay " on the 15th day of each month as the work progresses" * * * " upon the presentation of certificates signed by" the architect.

February 18, 1893, a certificate for $2,000 was issued to the appellee, which was by him delivered to a creditor, who presented it to the appellant, who paid $1,000 upon it and no more. The appellee sued for the other $1,000, as we infer, and recovered judgment for some sum, though the abstract does not state what the verdict was, nor any judgment. As to the declaration the abstract only says " common counts."

The only point made by the opening brief of the appellant, and therefore the only one upon which he can insist

(McDonald v. Logi, 145 Ill. 487), is, that money so claimed under a certificate can be recovered only under special pleading, and not under any common count. To sustain this position is cited Myers v. Phillips, 72 Ill. 460—a peculiar case of a contract against getting drunk, not in point here either as to facts or principles of law. In Butler v. Tucker, 24 Wend. 447, the money was claimed under an agreement under seal. The suit was covenant; could not have been assumpsit. 1 Ch. Pl. 91, Ed. 1828.

Insurance cases cited are foreign to the subject; an insurance company does not owe for something it has received but for which it undertook to do if some event happened. As was said in an insurance case, mutually benevolent, "Common counts are added, but they are useless. They are appropriate only when the defendant has received, in some form, the equivalent of the money which he is called upon to pay. When his obligation to pay rests only upon his non-performance of his promise, however good the consideration for the promise, the declaration must be special. On the other hand, however special the contract, not under seal (and under the statute perhaps if it is), if the plaintiff has performed it, and the defendant received under it the benefit for his own use, in general, some common count will suffice." Zjednoczenie v. Sadecki, 41 Ill. App. 329; and so in 1 Ch. Pl. 303, Ed. 1828; Gottschalk v. Smith, 54 Ill. App. 341; 156 Ill. 377.

No authority is cited, nor can any good reason be given, why a count for work, labor and services is not as applicable to the first, or an intermediate, installment, payable upon an architect's certificate, as it would be to the last. It was never suggested that a common count for use and occupation for rent already accrued, could not be maintained until the end of the term.

The judgment is affirmed.