## People's Casualty Claim Adjustment Co. v. C. S. Darrow.

1. PLEADING—*Legal Services Covered by the Common Counts.*— Where the abstract states that the declaration had in it the common count "for the price and value of work, and material for the same provided," this court will assume, in the absence of any more specific statement, that the declaration was sufficient as a pleading to authorize the recovery of money due for services as a lawyer.

2. CONTRACTS—*Where the Minds of the Parties did not Meet as to Price of Services, their Value may be Proved.*—Where the evidence shows such a misunderstanding between the parties to a contract, as to the price to be paid for services, that the jury may properly find that the minds of the parties never met upon the question of price, evidence of the value of the services is admissible.

3. PRACTICE—*When Objections to Testimony Must be Specific.*—When the ground of an objection is of such a character that the objection may be obviated, such ground must be stated specifically, and in time to afford opportunity to obviate it, otherwise the objection will not be considered on appeal.

4. VERDICTS—*When Not Part of the Record.*—A verdict which jurors are alleged to have written and handed in is not part of the record unless embraced in the bill of exceptions.

5. TRIALS—*Restriction of Arguments.*—The fact that counsel for appellant was only allowed seven minutes to argue this case before the jury, held not to be an unreasonable restriction.

6. EVIDENCE—*Proof of Value of Services to Corroborate Statement as*

*to Contract Price Thereof.*—Where there is a conflict of testimony as to the amount agreed to be paid for certain services, the value of such services may be shown, and may be considered by the jury in determining the credibility of the testimony.

**Assumpsit,** for attorney's fees. Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed April 15, 1897.

F. W. BECKER, attorney for appellant.

WILLIAM C. SNOW, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellant to recover for services as an attorney.

That the services were rendered at the request of the appellant, and were satisfactory, was undisputed.

The abstract states that the declaration had in it the common count " for the price and value of work and material for the same provided," which we assume, in the absence of any more specific statement, was sufficient as a pleading upon which to recover money due for services as a lawyer. Neagle v. Herbert, 64 Ill. App. 619.

The president of the appellant and the appellee both testified that the services were rendered under an express contract, but differed as to its terms; the effect of which testimony, if both testified honestly, and neither had forgotten, was to prove that there was no express contract because the parties did not understand each other. Then evidence of the reasonable compensation to the appellee was in order. Kirk v. Wolf Mfg. Co., 118 Ill. 567.

Hypothetical questions were put to other lawyers as to the value of the services of the appellee, embracing one item of service which he had not rendered; but the objection of the appellant to such questions was specifically upon another ground, with the vague general statement that the question was " based upon an assumption of facts that have not been shown to exist." This is too general.

Had the objectionable item been pointed out it would doubtless have been dropped out of the question. But vague and general as was the objection in that particular, it is clear that the objector did not have that item in mind, for in repeating his objection on the examination of the second lawyer he confined it to the other ground. It is too late now to object. Schroeder v. Walsh, 10 Ill. App. 36.

There is a technical fault in one instruction in omitting, as a condition of the liability of the appellant, that the services were rendered at its request, but as this was a fact both sides proved, the omission was without harm.

Another instruction is wholly wrong, but did no harm. It is as follows :

" The jury are instructed that if the evidence regarding the contract is so conflicting or uncertain that they are unable to arrive at the exact terms of the contract between the plaintiff and defendant, then they are entitled to consider the value of the services of the plaintiff, as shown by the witnesses in this case, and to use this testimony as bearing upon the reasonableness of the statements of the plaintiff and defendant, for the purpose of arriving at the true contract between the plaintiff and defendant."

If the jury could not "arrive at the exact terms of the contract" how could they arrive at the "true contract?"

The instruction means nothing, and could not have misled. If it was intended and understood as saying that in the conflict of testimony, the value might be considered in determining the credibility of the testimony, it is common sense, and not shown not to be law. Carter v. Carter, 37 Ill. App. 219; 152 Ill. 434.

An objection now made, based upon the verdict which the jurors are supposed to have written and handed in, is not before us. That paper is no part of the record—not being in the bill of exceptions. Lambert v. Borden, 10 Ill. App. 648.

What the jury wrote was supererogatory. Sec. 57, Ch. 110, R. S., Practice.

There remains the objection that before the argument

began the court announced that counsel on each side would be limited to seven minutes for argument, and stopped the counsel of appellant at the end of that time. By exception, as well as by the motion for a new trial, the question is before us whether that was reasonable.

I think not, but am in the minority. It is a great embarrassment to the ordinary lawyer to be warned beforehand that he must be so brief, and the time fixed is really not sufficient to make any argument.

There is great difficulty in applying the rule of Foster v. Magill, 119 Ill. 75.

The judgment is affirmed.