## American Surety Co. v. United States of America, for use of Alexander Watt.

1. CONSTRUCTION OF STATUTES—*The Act of Congress for the Protection of Persons Furnishing Materials and Labor for the Construction of Public Works.*—The provisions of the act of Congress approved August 13, 1894, relating to furnishing an affidavit to the department of the government, has reference only to the procuring of the copy of the contract and bond, and is not a prerequisite to the right to maintain an action. This requirement is for the purpose of satisfying the government official that the person has furnished labor or material on the particular contract.

2. EVIDENCE—*Copies of Books and Records of U. S. Executive Departments.*—Under Section 882, Rev. Statutes of the United States, copies of any books, records, papers or documents in any of the executive departments, authenticated under the seals of such departments, respectively, are to be admitted in evidence equally with the originals thereof.

3. SUPERIOR COURT—*Of Cook County—Its Jurisdiction.*—The Superior Court of Cook County has jurisdiction of actions arising under the act of Congress, providing that the person supplying labor shall have a right of action, and shall be authorized to bring suit in the name of the United States for his use and benefit against the contractor and sureties, provided it shall not involve the United States in any expense.

4. PRACTICE—*Suits in the Name of the United States for the Use of Others.*—The Government of the United States has no interest in an action which is brought for the use of another alone; it is a mere nominal party, and can not control the proceedings or judgment in the case.

5. SAME—*Limiting Counsel in Argument.*—Counsel was limited in his argument, and after consuming the time allowed him, stated to the court that he could not present his case to the jury in the time limited, and the court gave him two minutes additional, but he declined to con-

sume the additional time, and said that he preferred to stand upon the record as it was, and took an exception. It was held that he should have used the time given him, and then, if he had not finished his argument, and the court refused him further time, he could have taken his exception.

**Debt on Surety Bonds.**—Trial in the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the March term, 1898. Affirmed on remittitur as ordered. Opinion filed June 29, 1898.

## STATEMENT OF FACTS.

Linden W. Bates, as principal, and appellant as surety, made their joint and several bond in the penal sum of $43,200 to the United States of America, which recited that Bates had on January 25, 1895, entered into a contract with the United States for constructing and delivering one hydraulic dredge, and conditioned that if Bates should observe and perform the conditions, covenants and agreements of his said contract, including the covenant that Bates should be responsible for all liabilities incurred in the prosecution of the work for labor and materials, and should promptly make payment to all persons supplying him labor and materials in the prosecution of the work provided for in said contract, then said bond should be void, otherwise to remain in full force and virtue. The bond was given under and pursuant to an act of Congress for the protection of persons furnishing materials and labor for the construction of public works, which provides, in substance, that any person entering into a formal contract with the United States for the prosecution and completion of any public work, etc., shall be required, before commencing such work, to execute a penal bond with sufficient sureties, with the additional obligations that such contractor shall promptly make payments to all persons supplying him with labor and materials in the prosecution of the work provided for in such contract; and any person making application therefor and furnishing affidavit to the department under the directions of which said work is being or has been prosecuted, that labor

or materials for the prosecution of such work has been supplied by him, and payment for which has not been made, shall be furnished with a certified copy of such contract and bond, upon which said person supplying such labor, etc., shall have a right of action, and shall be authorized to bring suit in the name of the United States for his use and benefit against said contractor and sureties, and to prosecute the same to final judgment and execution.

In the prosecution of the work under the contract mentioned in the bond, Bates employed Alexander Watt, a foreman and dredge superintendent of seven years' experience, as superintendent of the work in constructing the hydraulic dredge at a salary of $150 per month. He worked three months, hired men and superintended the work of launching twenty-four pontoons or floating iron vessels at Cairo, Illinois, which were part of the dredge contracted to be constructed by Bates, but received on account of his salary only $20, which he collected from men at Cairo, and directed to be charged to him. During the three months he was sick nine days, but during that time directed the work, giving the men employed at the work instructions as to what they should do twice each day. Suit was brought in the Superior Court in the name of the United States for the use of Watt against appellant only, and a trial before the court and a jury resulted in a verdict and judgment for appellee of $43,200 debt and $450 damages, debt to be discharged, etc., from which this appeal is prosecuted.

ULLMANN & HACKER and FREDERIC F. NORCROSS, attorneys for appellant.

E. G. LANCASTER, attorney for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellant claims, first, that plaintiff failed to make out a case, and the court erred in not taking it from the jury; second, that the court erred in admitting in evidence the agreement made by Bates with the United States; third, that the Superior Court was without jurisdiction of the sub-

ject-matter; fourth, that the court erred in refusing an instruction for the defendant; fifth, that the verdict is excessive; and, sixth, that the court erred in limiting appellant's counsel in argument to the jury.

1st.  The evidence shows an agreement between Bates and the United States, under which Bates agreed to furnish all required material and labor needed in the construction of a hydraulic dredge for a price named, the dredge to be delivered at Cairo, Illinois, and to pay all liabilities incurred in the prosecution of the work for labor and material; also that Bates and appellant execute the bond above set out; also that Bates employed Watt to go to Cairo where Bates was building the hydraulic dredge for the government; that Watt superintended the work at Cairo of launching pontoons, which were part of the dredge, and was engaged at the work three months; that Watt was to have a salary of $150 per month; that he made reports of his work to Bates and signed them as superintendent, and he was not paid for his work except the sum of $20.  This, we think, made a *prima facie* case for recovery, and that the court did not err in refusing to instruct the jury to find for defendant.  The provision of the act as to furnishing an affidavit to the department of the government, only has reference to the procuring of the copy of the contract and bond, and is not a prerequisite to the right to maintain an action.

This requirement is made to satisfy the government official that the person has furnished labor or material on the particular contract.

2d.  The agreement between Bates and the United States is indorsed :  " A true copy.  Graham D. Fitch, Captain Corps of Engineers;" has the seal of the chief engineer of the war department affixed to it, and was received by Watt from the government with a copy of the bond.  Section 882, Rev. Stat. of the United States, provides, viz. :  " Copies of any books, records, papers or documents in any of the executive departments, authenticated under the seals of such departments, respectively, shall be admitted in evidence equally with the originals thereof."  The agreement was therefore properly admitted in evidence.

3d. We think the contention that the Superior Court had no jurisdiction is not tenable. The act of Congress provides that the person supplying the labor "shall have a right of action, and shall be authorized to bring suit in the name of the United States" for his use and benefit against the contractor and sureties, provided it shall not involve the United States in any expense, and that the court in which such action is brought is authorized to require proper security for costs in case judgment is for the defendant. It will be seen there is no limitation as to the court in which the suit may be brought, and the act empowers the court to require proper security for costs. The United States has no interest in the action which is brought for the use and benefit of Watt alone, as a mere nominal party, and can not control the proceedings or judgment in the case. So far as concerns the matter of jurisdiction, the suit is the same as if brought by Watt alone. State of Maryland, for use, etc., v. Baldwin, 112 U. S. 490.

4th. The abstract fails to show that the trial court refused to give any instruction asked by appellant, or that any exception was preserved to any such supposed refusal. Under such condition of the abstract, we are not required to search the record to discover whether there was error. Gibler v. City of Mattoon, 167 Ill. 18.

We, however, are inclined to think there was no error in refusing the instruction, which, it is claimed, the court refused to give. Mining Co. v. Cullins, 104 U. S. 176.

5th. We think the verdict is excessive by the amount of $20, which Watt admits he received while working at Cairo, and which he, when reporting upon his work there, directed to be charged to him. He made the application, and it was too late for him, as he attempted to do, at a later date, to make an application of this collection to another account between him and Bates.

6th. It appears that counsel for appellant had only six minutes in which to argue the case to the jury. It is stated in the brief that the case was tried on the short cause calendar, though the record fails to show it. When counsel had consumed six minutes in his argument to the jury, he was

notified by the court that his time was up, whereupon he stated he could not present his case to the jury in the time limited, and the court gave him two minutes additional, but counsel declined to consume the additional time given by the court, and said that he preferred " to stand upon the record as it is," and took an exception. We think counsel should have used the time given him by the court, and then, if he had not finished his argument, and the court refused him further time, he could have taken his exception. Counsel are in no position, having declined to use the time given by the court, to claim there was reversible error in the court's ruling.

In People, etc., v. Darrow, 70 Ill. App. 22, it was held that a limit of seven minutes to the argument in a short cause case, involving an open account of larger amount than this case, was not reversible error. This has been affirmed by the Supreme Court, 172 Ill. 62.

The judgment is affirmed if a remittitur of $20 from the damages is entered by appellee in ten days.

Appellee will pay costs in this court.