# Jacob B. Auerbach v. F. Arguelles, C. Lopez and J. Lopez, Copartners, etc.

1.  VARIANCE—*In the Names of Jurors Appearing in the Record and Those in the Verdict.*—Where the names of the jurors, as signed to the written verdict, vary in some slight particulars from the names as shown in the record, but a comparison shows that the variance is so slight that they would be held identical under the rule of *idem sonans*, and the record recites that " the jury impaneled herein finds the issues," etc., without reciting their names, it is sufficient.

Attachment.—Trial in the Superior Court of Cook County; the Hon. Jonas Hutchinson, Judge, presiding. Verdict and judgment for defendant. Error. Heard in this court at the October term, 1898. Affirmed. Opinion filed February 9, 1899.

80    167
93   1  63
80    167
98   1640

Defendants in error began this suit against plaintiff in error by attachment. Several grounds for attachment were set forth in the affidavit. One was that plaintiff in error had " within two years last past fraudulently conveyed or assigned his effects, or a part thereof, so as to hinder and delay his creditors."

There is no controversy as to the claim of defendants in error as to amount due. The only issue contested was that of ground for attachment.

It appeared in evidence that on June 12, 1896, and before the beginning of the suit, an interview took place between plaintiff in error and the attorney of defendants in error, in which the financial situation of plaintiff in error was fully discussed, in relation to the claim due defendants in error and in relation to the securing of same. Messrs. Hawley and Wodiska, together with Auerbach, plaintiff in error, went into a detailed investigation of his, Auerbach's, financial condition. A written statement of Auerbach's indebtedness to others was produced. It had been previously made, but Auerbach then stated that it showed all his indebtedness except items amounting to not to exceed $1,000. No indebtedness to Ida Blumlein was shown by this statement. Hawley and Wodiska testify that Auerbach then stated that he owed no individual debts. It was thereupon agreed that if the brother of Auerbach would secure one-half of the claim of defendants in error, further time would be given Auerbach in which to pay. An appointment was arranged by them all to meet that afternoon at 2:30 P. M., to go to Milwaukee to see the brother and accomplish such adjustment. The parties separated at about 12:45 P. M., and within a few minutes thereafter, and before the time appointed for another meeting, the store of Auerbach was closed upon foreclosure of a chattel mortgage, dated that day, and conveying his entire stock of goods to secure a note of $2,000 to one Ida Blumlein. The stock was afterward sold upon the foreclosure, bought by one Foster, and afterward returned to the possession of Auerbach or the " J. C. Auerbach Company." The issues tried here are solely between defendants in error and Auerbach. Neither

Foster nor the J. C. Auerbach Company appears as making claim to the property.    Auerbach, called as a witness in his own behalf, in effect admitted the exhibiting of the written statement, but stated, in reply to a question as to whether it was correct, that he had said, "As far as I know there may be some other accounts which have changed, and so forth." He denied that he was asked as to any "private confidential debts."    Upon cross-examination he stated that he had told Hawley that the written statement in his own handwriting was a correct "statement of my liabilities," with the exception of one Ellinger account, which he had paid, and that there were some slight changes in amounts shown by the statement.    He also testified that Mrs. Ida Blumlein then "held a note made by me for $2,000," and that he did not inform Hawley as to the same.

Neither Mrs. Blumlein nor Auerbach, though both in court, testified to any indebtedness in consideration of which the note was given.

The jury found the issues in assumpsit and in attachment for defendants in error.

Israel Cowen, attorney for plaintiff in error, contended that the names as shown to be sworn appear in the first column, and as signed to the verdict in the second column, thus:

| | |
|---|---|
| Soren Jepsen, | Soren Jepson, |
| E. C. Leidy, | E. C. Leedy, |
| Clemins A. Gies, | Clemons Gies, |
| Hans Yensen, | Hans Jansen, |
| Geo. D. Lerow, | Geo. L. Lerow, |

and insisted that whatever might be said of the rest of the names, and giving the utmost latitude to the doctrine of *idem sonans*, it can not be claimed that the names Leidy and Leedy or Yensen and Jansen are the same.

Hawley & Prouty, attorneys for defendants in error.

Mr. Justice Sears delivered the opinion of the court.
It is difficult to see how the jury could have reached any

different verdict. There is a color of fraud in the transaction. The jury must have found from the evidence that Auerbach admitted that the Blumlein note was not evidence of a *bona fide* indebtedness. To have found otherwise upon the equivocal testimony of Auerbach would have been to find against the manifest weight of the evidence. Auerbach alone appears in this cause as claiming under the Blumlein note. No one claiming title through the sale, upon foreclosure of the mortgage securing that note, intervenes. Auerbach admitted, in effect, that the note was given to one to whom he owed nothing. As against this admission no evidence is proffered, although Mrs. Blumlein was in court.

The jury were fully warranted in finding that the Blumlein note and mortgage were fraudulently given by Auerbach. They bore date on the 12th day of June, the same day of the conversation and agreement with Hawley and Wodiska, and were in process of foreclosure within so short a time after such conversation as to warrant the jury in finding that they had been previously executed on that day. We are of opinion that the verdict is sustained by much the greater weight of the evidence.

Some objections are made to matters of procedure.

The names of the jurors, as signed to the written verdict, vary in some slight particulars from the names as shown in the record. A comparison shows that the variance is so slight that they would be held identical under the rule of *idem sonans*. But the record recites that the " jury impaneled herein finds the issues," etc., without reciting their names. This is sufficient. Griffin v. Larned, 111 Ill. 432; Lambert v. Borden, 10 Ill. App. 648; Wells v. Ipperson, 48 Ill. App. 580; Jemison v. Chicago Const. Co., 64 Ill. App. 436; Egmann v. E. St. L. C. Ry. Co., 65 Ill. App. 348; People's C. A. Co. v. Darrow, 70 Ill. App. 22.

Counsel for plaintiff in error refers in his brief to the twelfth, fourteenth and sixteenth instructions refused, merely saying that he calls attention to them, but specifying no fault or objection. We must decline to search for objections when none are made.

The eighth instruction given for the defendants in error is objected to as improper.  There is some controversy as to the precise form in which it was given by the court below to the jury.  However, plaintiff's counsel, in reply brief, ask us to pass upon it, as containing the disputed portion, as follows:

" The court instructs the jury in reference to the production of witnesses who know about the facts in issue, that if you believe from the facts and circumstances in evidence that there is other evidence to rebut the evidence of the plaintiffs, which might be furnished by any witness other than the defendant and the other witnesses whom he has produced and examined upon this trial, and that such other witness is in the control of the defendant and could be procured by him, and if you believe from the evidence that the evidence against the defendant, if there is any, is such that he would naturally be expected to call such other witness, his failure so to do would be a circumstance which might be considered by the jury, and given such weight and significance as they think it entitled to, and from which they might infer, if they think the inference warranted and a reasonable one, from the evidence, that such other witness would testify unfavorably to the defendant, if called by him."

We think the instruction was properly given. Ill. Mut. Fire Ins. Co. v. Malloy, 50 Ill. 419; Consol. Coal Co. v. Scheiber, 167 Ill. 539; P., Ft. W. & C. Ry. Co. v. Callaghan, 50 Ill. App. 676; Commonwealth v. McCabe, 163 Mass. 98.

If the words in dispute, viz., " is in the control of the defendant," were omitted, a different question would arise as to its correctness.  But if we should assume that the instruction was given with the qualifying words omitted, and that it was therefore technically incorrect, yet we would hold it not to be reversible error.  It could not be applied by the jury to any witness other than Blumlein, and therefore could not have prejudiced plaintiff in error.  And when it is so apparent that substantial justice has been done, we would decline to reverse because of such an error in proced-

ure. The same may be said of any question as to the remarks of counsel upon the failure to present evidence upon the trial, to which objection is now urged. The return of one verdict finding upon both issues, *i. e.*, the issue in assumpsit and that in attachment, was proper. Hawkins v. Albright, 70 Ill. 87.

The judgment is affirmed.