## Seal Lock Co. v. Chicago Manufacturing and Optical Co.

1. ACCOUNT STATED—*Evidence Sufficient to Warrant the Jury in Finding.*—Where a manufacturing company had a quantity of manu-factured goods ready for shipment and delivery, presented a bill for the same to its customer, who paid to it on the same the sum of $250, with-

out objection, such action on the part of the customer was held sufficient to warrant the jury in finding that there was an account stated between the parties.

. 2.   APPELLATE COURT PRACTICE—*Objection to the Form of a Verdict Must be Made in the Court Below.*—Where a written verdict is signed by persons as jurors, and some of the names signed to it do not correspond with the names of the persons impaneled, no objection not made to it when rendered, can be made in the Appellate Court.

3.   VERDICTS—*When the Recorded Verdict Prevails.*—Where the record shows that the identical jurors impaneled to try a case signed the verdict as shown by the record, such recorded verdict will prevail, and is to be regarded as the true verdict rather than the paper signed and returned by the jurors.

**Assumpsit,** for goods sold.   Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding.   Heard in this court at the March term, 1901.   Affirmed.   Opinion filed December 23, 1901.

DOUTHART & BRENDECKE, attorneys for appellant.

JESSE A. & HENRY R. BALDWIN, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellee recovered judgment against appellant, in an action of assumpsit, for the sum of $502, from which judgment this appeal was taken.

The declaration contains the common counts, including a count on account stated.

The following letters were written by appellee to appellant:

"CHICAGO, April 23, 1900.
CHICAGO MFG. & OPTICAL CO.,
          18-30 W. Randolph St., City.

GENTLEMEN—We hereby desire you to make for us a duplicate of our previous order for 25,000 parts for our O. K. lamp, called the O. K. 1900, same to be subject to our Mr. John Schumacher's supervision and approval, and if he should desire some light changes in same it is understood that you will do so without extra charge.
          Yours very truly,
                    SEAL LOCK COMPANY,
                         By Charles S. Wilcox."

The previous order was as follows:

" Chicago, December 13, 1899.
Chicago Mfg. & Optical Co.,
        18–30 W. Randolph St., City.
Gentlemen—Your favor of the 12th inst. containing proposition to make us 25,000 sets of valve material as per sample submitted, each set to consist of one valve stem, one valve seat and filler cap, for three cents per set, or $750 for 25,000 is hereby accepted.
                    Yours very truly,
                        Seal Lock Company,
                            By Charles S. Wilcox, Sec'y."

The goods mentioned in the letter first quoted were manufactured by appellee under the direction of Mr. Schumacher, an officer of appellant, and were approved by him. He said they were all right.  Appellant boxed them ready for delivery, presented a bill to appellant for $752.50 about June 19, 1900, which included $2 for other work, and appellant paid to appellee $250 on the bill, without objection, so far as appears from the evidence.  Subsequently, appellee received from appellant the following letter :

                    " Chicago, August 17, 1900.
Chicago Mfg. & Optical Co., Chicago, Ill.
Gentlemen—It is my unpleasant duty to notify you that owing to the fact that there is no demand for lamps, and not likely to be in the near future, and owing to the further fact that the Seal Lock Company has manufactured and has on hand a very large number of lamps which it finds impossible to sell, it has become insolvent, and that all creditors may be treated alike, I would ask you to meet the other creditors and the officers of the company at the office of its attorneys, Douthart & Brendecke, 1222 Unity Building, on Monday, the 20th of August, 1900, at ten o'clock a. m., and oblige,
                    Yours truly,
                        Seal Lock Company,
                            By Charles S. Wilcox."

Mr. Fred B. Smith, appellee's secretary and treasurer, attended the meeting mentioned in the letter, at the place therein indicated.  Mr. Douthart, appellant's attorney, was at the meeting, as appellant's representative, and read for the information of those present, a list of appellant's liabil-

ities, among which was the following: " Chicago Manu-
facturing and Optical Company, $502,000."

We think the evidence sufficient to warrant the jury in
finding that there was an account stated between the par-
ties. The facts that the bill was rendered June 19, 1900,
that appellant, without making any objection to it, paid
$250 on it, and that appellant, by its attorney, Mr. Douth-
art, stated, at the meeting of the creditors, the liability
of appellant to appellee to be the sum of $502, are strong
evidence of an account stated between the parties. 1 Green-
leaf on Evidence, Sec. 197; 2 Idem, 226.

Appellant's counsel object that on a written verdict
signed by persons as jurors, some of the names signed do
not correspond with the names of persons impaneled as
jurors. This objection was not made in the trial court,
when the verdict was rendered, and therefore can not be
made here. Brewer & H. B'g Co. v. Herman, 187 Ill. 40.

The record proper shows that the jurors who were im-
paneled rendered the verdict, and this, the recorded ver-
dict announced in open court, must be regarded as the
verdict, and not the paper signed as aforesaid. Griffin v.
Larned, 111 Ill. 432; Auerbach v. Arquelles, 80 Ill. App.
167, 170, and cases there cited.

We find no reversible error in the record, and the judg-
ment will be affirmed.