T. J. Holcomb and S. F. Holcomb, copartners as The Hollow Rock Produce Company, Appellees, v. George R. Linn, surviving partner of George W. Linn & Son, Appellant.

Gen. No. 16,483.

1. CONTRACTS—*formation by telegrams.* A telegram asking for an offer for eggs, an answer by telegraph, "For good stock will give $8.25, Chicago, prompt acceptance," and a reply the same day also by telegraph, "Accept offer of $8.25 per case," constitute a contract.

2. JUDGMENTS—*verdict sufficient to support.* A judgment cannot be attacked because among the names signed to the written verdict were certain names not contained in the panel of jurors sworn, since the recorded verdict pronounced in open court must be regarded as the verdict.

3. APPEALS AND ERRORS—*error cannot be first urged on appeal.* On appeal it is no ground of objection to a judgment that among the jurors who signed the written verdict were certain names not

contained in the panel of jurors sworn, where the attention of the trial court was not called to the objection.

Appeal from the Superior Court of Cook county; the HON. MARCUS A. KAVANAGH, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed November 18, 1912.

J. MARION MILLER, for appellant.

HOYNE, O'CONNOR, HOYNE & IRWIN, for appellees; HARRY D. IRWIN and CARL J. APPELL, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

The plaintiffs at Hollow Rock, Tennessee, telegraphed the defendant Linn at Chicago asking for an offer for fresh eggs. Defendant answered by telegraph: "For good stock will give $8.25, Chicago, prompt acceptance," to which plaintiffs on the same day, also by telegraph, replied: "Accept offer of 8.25 per case." These telegrams made a contract for the purchase and sale of eggs, and the contention of appellant that there was no contract is without merit.

A case contains 30 dozen of eggs, so that the price agreed on was 27½ cents per dozen. Plaintiffs shipped a carload of eggs to defendant the same day, which defendant refused to accept on the claim that the eggs were not good stock, but "stale and held stock." The evidence as to the quality of the eggs was conflicting, but from it the jury might properly find that the eggs were "good stock" and of the quality specified in the contract.

We find no error in the rulings of the court on questions of evidence or instructions.

Appellant further contends that the judgment must be reversed because among the jurors who signed the written verdict preserved in the bill of exceptions were certain names not contained in the panel of jurors sworn. The common-law record states, "that the jury impaneled herein" come, etc., and say, "We, the jury,

find the issues for the plaintiffs and assess plaintiffs' damages at the sum of four hundred dollars and fifty cents.''    The recorded verdict pronounced in open court must be regarded as the verdict, and not the paper signed by the .jurors.   Griffin v. Larned, 111 Ill. 432; Auerbach v. Arguelles, 80 Ill. App. 167; Seal Lock Co. v. Chicago Mfg. & Optical Co., 98 Ill. App. 638.

Again, the question cannot be raised here for the first time, and the attention of the trial court was not called to the objection here made.   Brewer v. Hofmann Brewing Co. v. Hermann, 187 Ill. 40.

From the evidence the jury might properly find that the plaintiffs sustained damages to the amount of the recovery by the breach of the contract by the defendant.

We find no reversible error in the record, and the judgment is affirmed.

*Affirmed.*