James L. Shane, Trading as J. L. Shane Company, Appellee, v. Eustace S. De Leon, Appellant.

Gen. No. 8,192.

Heard in this court at the February term, 1930. Opinion filed August 9, 1930.

McElroy & Pearson, for appellant; Walter Wm. Pearson, of counsel.

Wm. A. Palmer and Willard Moffett, for appellee.

Mr. Presiding Justice Jett delivered the opinion of the court.

This suit was instituted in the circuit court of Du Page county by James L. Shane, doing business as J. L. Shane Company, appellee, hereinafter referred to as plaintiff, against Eustace S. De Leon, appellant, hereafter called defendant, to recover a balance alleged to be due upon a certain building contract.

A jury trial was had resulting in a verdict in favor of the plaintiff, and assessed his damages at $1,397.04.

Motion for new trial was made, argued and denied.

Judgment was rendered on the verdict of the jury and the defendant prosecutes this appeal.

The plaintiff declared upon the common counts. The plaintiff in his affidavit of claims sets forth that his demand is for a balance due on a contract for the construction of a house, garage, walk and driveway, and for his services in connection therewith, which contract was completely performed by the plaintiff, on and prior to, June 4, 1927, and that there is due to the plaintiff from the defendant, after allowing to the defendant all just credits, deductions and set-offs, the sum of $1,397.04, with interest thereon at the legal rate from June 4, 1927.

To the declaration the defendant pleaded the general issue together with a plea of set-off.

In view of the state of the record, however, no cross error having been assigned, it will not be necessary for us to discuss the alleged set-off of the defendant.

The plaintiff based his right to recover on an account stated.

It is the contention of the defendant that the plaintiff cannot recover, basing his right on an account stated. If it be true that there was an account stated between the plaintiff and the defendant, then if the

plaintiff made proof to that effect he would be entitled to recover. It is also the rule that it may become a question of fact, as to whether or not an account was stated between the parties.

The defendant insists that a writing relied upon as an account stated must show the balance, if any, alleged to be due from the defendant to the plaintiff.

On the part of the plaintiff, the written contract entered into by the plaintiff and the defendant for the construction of the improvement was before the jury together with the testimony on the part of the plaintiff that he built the house and garage and performed the services contemplated by the contract at the total cost thereof of $16,747.04; that he delivered to the defendant a statement bearing date March 23, 1927, showing the items that made up the total costs; also his testimony showing the amount paid on account and the balance remaining unpaid. The plaintiff did not rely altogether on his right to recover on the written evidence, but upon the agreement of the parties made subsequent to the delivery of the statement of the total costs. The plaintiff testified that three or four days after the delivery of the items constituting the total costs of the work done by the plaintiff, he received a check for $3,000 from the defendant and that he had a conversation at that time with the defendant; that the defendant then asked the plaintiff to gather together all of the paid statements, the waivers of lien, turn them over to him, and he, the defendant, would pay the balance; that at that time no question was raised by the defendant as to whether the bills were satisfactory or not; and that the plaintiff obtained the waiver of lien and delivered them to the defendant; that the defendant took possession of the house April 15, 1927.

The record discloses, on cross-examination of the plaintiff by the defendant, the following:

"Q. Well then at no time subsequent to March 23 did Mr. De Leon agree to pay you the balance of $1,397.04?

A. Yes sir.

Q. When?

A. At the time of the delivery of this check for $3,000, Mr. De Leon asked me to gather together all the paid statements paid up, all of the bills, get the waivers of lien, turn them over to him and he would pay the balance.

Q. The balance amounted to $1,397.04—isn't it a fact that he said, if upon examination of these bills, he found them satisfactory, he would pay the balance?

A. He did not raise the question as to whether they were satisfactory or not."

*Dick v. Zimmerman,* 105 Ill. App. 615, was a case in which the plaintiff relied upon an account stated for a recovery, and in its opinion at page 617 the court said:—

"The evidence presented by appellee on the trial tended to prove an account stated. It was confined solely to that question. If there was no stating of an account, then appellee had no case. Appellee's evidence being thus limited, the prior transactions of the parties were not in issue, unless the account stated was attacked for fraud or mistake, in which case the burden shifted to appellant. Upon this theory he put in evidence relating to the items upon which the account was based. The jury found, upon conflicting evidence, that there was an account stated and that it was not based upon fraud or mistake and we do not think such finding should be disturbed."

It is not indispensable for the writing relied upon by the plaintiff to show the balance due from the defendant to him. That is the rule, if the delivery of the writing alone is relied upon, but if there is other evidence of a meeting of the minds of the parties, the rule does not apply.

The meeting of the minds of the parties upon the correctness of an account stated is usually the result of a statement of account by one party and an acquiescence therein by the other. The form of the acquiescence or assent is, however, immaterial, and may be implied from the conduct of the parties and the circumstances of the case. Vol. 1 Corpus Juris 687; *Dolman v. Kaw Construction Co.*, 103 Kan. 635, 176 Pac. 145, 2 A. L. R. 67.

Still, in order to constitute an account stated, there must in every case be proof in some form of an assent to the account, that is, a definite acknowledgment of the indebtedness in a certain sum, and the assent must be voluntary. As a general rule any admission of a balance or acknowledgment made by one party to another that a sum is due to the latter is sufficient prima facie evidence to prove an account stated. Vol. 1 Corpus Juris 687, par. 268.

In *Seal Lock Co. v. Chicago Manufacturing & Optical Co.*, 98 Ill. App. 637, the plaintiff had a written contract for manufacturing certain goods for the defendant. The plaintiff rendered to the defendant a bill for $752. The defendant, without making any objections to it paid $250 on account. The defendant, being in financial straits, called a meeting of its creditors, at which its attorney stated it owed plaintiff $502. The court held that the facts set forth are strong evidence of an account stated between the parties.

It is urged also by the defendant that an indebtedness arising out of a specialty cannot be made the subject of an account stated. The distinction between specialties and simple contracts is practically abolished by section 33 of the Practice Act, Cahill's St. ch. 110, ¶ 33, which reads as follows:—

"Any deed, bond, note, covenant or other instrument under seal (except penal bonds), may be sued and declared upon or set off as heretofore or in any

form of action in which such instrument might have been sued and declared upon or set off if it had not been under seal, and demands upon simple contracts may be set off against demands upon sealed instruments, judgments or decrees.''

The record shows that while the declaration contains the common counts, it includes a count on account stated.

While the defendant stated that he was objecting to certain of the instructions given on the part of the plaintiff, he failed to point out wherein the action of the court in the giving of instructions was in any way erroneous.

No question is raised on the admission or rejection of testimony. It was a question of fact for the jury to determine whether or not the plaintiff had established his case.

In view of the state of the record, we are of the opinion that the judgment of the circuit court of Du Page county should be affirmed, which is accordingly done.

*Judgment affirmed.*