Charles F. Kendall

*v.*

Charles F. Young.

*Filed at Ottawa March 24, 1892.*

.1.  Contract of sale—*right of purchaser to abandon, and recover
advance payment.*  Where the purchaser of an entire stock of goods at
their invoice price refuses to complete the sale, and sues to recover
back an advance payment, if the vendor shows that he completed the
invoice according to the contract, and establishes the invoice price of
the whole stock, he may prove a sale to another person and the price
received, for the purpose of showing the amount of damages he has
sustained by the failure of the first purchaser to comply with the con-
tract, but not unless he has completed the invoice, and thus fixed the
price to be paid.

2.  A party who has advanced money or done an act in part perform-
ance of an agreement, and then refuses to proceed to complete the con-

-tract, the other party being ready and willing to perform on his part, and there being no fraud, can not recover for what has been so advanced or done by him.

3. Where a vendee neglects and refuses to consummate or complete a contract for the purchase of goods, the vendor being ready and willing to proceed and fulfill all the provisions of the agreement on his part, an action will not lie by the vendee to recover back a payment made by him to the vendor.

4. SAME—*requiring goods to be invoiced at cost—refusal of vendor to comply.* Where the contract for the sale of a stock of goods requires them to be invoiced at cost, the purchaser may show, in an action between the parties, that the vendor failed and refused to invoice the goods at cost, as justifying him in refusing to accept and pay for them.

5. SAME—*evidence—as to invoice price of goods.* In such case, if the same kind of goods could be purchased in the market, at the time the vendor purchased those he bargained to sell, for a much smaller price than the vendor had invoiced his goods, such evidence would tend, at least, to prove that the vendor had not invoiced the goods at the cost price.

6. Where the purchaser of goods at their invoice price attempts to justify his refusal to take them, on the ground that they have not been truly invoiced at their cost, as agreed, but in fact much higher, he may show by witnesses acquainted with the cost of such goods in the market that the same kind of goods could have been bought in the market, at the time the vendor purchased his goods, for a much smaller price than he has invoiced them.

7. SAME—*of abandonment of contract.* Where the vendor of goods, in an action brought by the vendee to recover back a payment, sets up the contract in defense, and claims damages of the latter for not taking the goods, the vendee will have the right to prove that the vendor abandoned the contract of sale ; and evidence tending to show that he had an opportunity of making a better sale to other parties is properly admissible for the consideration of the jury.

8. INSTRUCTIONS—*need not be repeated.* The refusal of a good and proper instruction, when another is given which completely covers the grounds contained in the first, is no ground of reversal.

APPEAL from the Appellate Court for the First District ;— heard in that court on appeal from the Superior Court of Cook county ; the Hon. KIRK HAWES, Judge, presiding.

Mr. E. A. OTIS, for the appellant:

No action lies by a vendee to recover back a payment made by him to the vendor upon a contract which he has himself willfully broken, no matter whether the damage of the vendor is greater or less than the amount of the deposit. *Ketcham* v. *Evertson,* 13 Johns. 359; 2 Sutherland on Damages, 228; *Green* v. *Green,* 9 Cow. 46; *Ex parte Burrell,* L. R. 10 Ch. App. 514; *Battle* v. *Rochester City Bank,* 5 Barb. 414.

The court erred in admitting evidence of the price of other goods similar in character to those included in the contract, as proof that the invoice and marks on the goods were higher than the actual cost, and also in admitting the letter of appellant to Mahen.

Messrs. ABBOTT & BAKER, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by Charles F. Young, against Charles F. Kendall. The declaration contained the common counts, and the defendant pleaded the general issue. On a trial before a jury in the Superior Court, the plaintiff recovered a judgment for $1321.66, which, on appeal, was affirmed in the Appellate Court.

It appears from the record that on the 15th of November, 1884, the parties executed a contract in writing, as follows:

"TOPEKA, KAN., *November 15, 1884.*

"The following agreement is this day made between C. F. Kendall, of Topeka, Kan., party of the first part, and Charles F. Young, of Paw Paw, Mich., party of the second part:

"The party of the first part agrees to sell to the party of the second part all his merchandise and fixtures now in store No. 204 Kansas avenue, Topeka, except counters, shelving and show-cases, (these to be included in the rent of store,) all of said goods and merchandise to be invoiced at cost and as

agreed upon, (see estimate on show-cases, stoves, safe, stove and mirrors, to-wit, $747,) for which party of the second part agrees to pay as follows: The land in Oceana and Van Buren counties, Michigan, (see description below,) eighty-seven hundred dollars, ($8700,) the balance in cash; said lands to have proper title; warranty deed. Party of the first part agrees to lease to party of the second part the store-room, with counters, shelving and office, one year, at six hundred (600) dollars per year, payable monthly in advance, and said second party agrees to take it upon said terms for one year. Description of land is as follows: (Here follows description of the land.)

(Signed)            CHARLES F. KENDALL,
                    CHARLES F. YOUNG."

After the execution of the agreement, Young gave Kendall a draft on New York for $1000, and two or three days after the contract was executed the parties proceeded to invoice the goods. After proceeding something over half a day, during which Young objected to the cost price of various articles, a dispute arose between the parties in regard to the invoice of certain cotton-bats, and the parties not being able to agree, and Kendall failing to produce the original bills of purchase of the articles, Young left the store, remarking that he was done. It seems that Kendall proceeded, and completed an invoice of the goods in the absence of Young, but no further steps were taken to complete the trade, and Kendall subsequently sold the larger part of the goods to another party. This action was brought by Young to recover the amount of the New York draft, which Kendall had in the meantime collected.

The first error complained of, is the decision of the court in refusing defendant's fourth instruction, which was as follows:

"The jury are further instructed, that if they find, from the evidence, that the plaintiff failed, neglected and refused to carry out and perform the contract offered in evidence, and

that the defendant was ready and willing and offered to perform said contract on his part, then and in such case the plaintiff can not recover any money paid by him upon said contract, although the jury may find that the amount so paid to the defendant exceeds the amount of damages, if any, which the defendant sustained by reason of the said breach of said contract on the part of the plaintiff, if they find any such breach of said contract on his part."

We think it is a plain proposition, and one, too, well settled by the authorities, that where a vendee neglects and refuses to consummate or complete a contract for the purchase of goods, the vendor being ready and willing to proceed and fulfill all the provisions of the agreement, an action will not lie by the vendee to recover back a payment made by him to the vendor on the contract. 2 Sutherland on Damages, 228; *Ketcham* v. *Evertson*, 13 Johns. 359; *Green* v. *Green*, 9 Cow. 46; *Ex parte Barrell*, L. R. 10 Ch. App. 514; *Battle* v. *Rochester City Bank*, 5 Barb. 414.) In the *Ketcham* case the rule is concisely stated, thus: "It may be asserted with confidence that a party who has advanced money or done an act in part performance of an agreement, and then stops short and refuses to proceed to the ultimate conclusion of the agreement, the other party being ready and willing to proceed and fulfill all his stipulations according to the contract, has never been suffered to recover for what has been thus advanced or done."

We think the instruction contained a correct proposition of law, and had it been refused, and no other instruction given containing the same principle, an error would have been committed of sufficient magnitude to cause a reversal of the judgment. But upon looking into the record it will be found that defendant's first and third instructions which were given by the court contain the same principle, the third being as follows:

"The jury are instructed, as a general principle of law, that a party can not recover back any money paid by him upon a contract which he has himself refused to perform, without

fraud of the other party thereto. And in this case, if the jury find, from the evidence, that the defendant was ready and willing and offered to perform the contract in evidence on his part, and that the plaintiff refused to execute and perform said contract on his part, then the plaintiff is not entitled to recover any portion of the money paid by him upon said contract."

This instruction so completely covers the ground, that the refusal of No. 4 did the defendant no harm, and hence he can have no serious ground of complaint.

It is next claimed that the court erred in refusing to permit the defendant to prove how much of the stock of goods was purchased by Collins, and what he paid for the goods. If the defendant had proven that he completed the invoice of the goods according to the contract, and established the invoice price of the entire stock, then it would no doubt have been proper for him to prove a sale to another party, for the purpose of establishing the amount of damages he had sustained on account of the failure of the plaintiff to comply with his contract; but the evidence was not offered with that view, and no such case was attempted to be made by the evidence. The fact, of itself, that Collins purchased the goods, or what he may have paid for them, had no special bearing on any issue involved in the record, and upon this ground the court properly rejected the evidence.

It is also claimed that the court erred in permitting plaintiff to introduce evidence of the price of other goods similar in character to those included in the contract, as evidence that the invoice and marks on the goods were higher than the actual cost. It will be remembered that the contract required the goods to be invoiced at cost, and it would seem to be plain that the plaintiff had the right to prove that the defendant failed and refused to invoice the goods at cost, because if he failed and refused to do this, plaintiff was under no obligation to accept the goods and pay for them. The evidence ob-

13—141 ILL.

jected to was not offered to establish the value of the goods, the real value being a matter of no moment; but if the same kind of goods could be purchased in the market, at the time defendant purchased his goods, for a much smaller price than defendant had invoiced the goods, such evidence would at least tend to prove that the defendant had not invoiced his goods at cost, as required by the contract. Witnesses acquainted with the cost of such goods in the market were called and testified, and for the purpose mentioned we think the admission of such evidence was not erroneous.

It is also claimed that the letter written by defendant to Mahen was erroneously admitted in evidence. In the last part of the letter defendant stated "that he had two other parties with whom he could make as satisfactory a trade as with Young." Plaintiff had the right to prove that the defendant abandoned the contract, and evidence tending to prove that defendant had an opportunity of making a better sale to other parties was proper for the consideration of the jury, as tending to establish that fact. At all events, the admission of the letter in evidence would do no harm.

It is also claimed that the court erred in modifying instructions Nos. 5, 6 and 7, and refusing No. 8. No specific objection is pointed out in the argument to the action of the court in the modification of the instructions, and after an examination of the instructions as modified we fail to find any substantial error. As respects the refused instruction, all that it contained, proper for the jury, will be found in other instructions which were given. Indeed, it is apparent, upon an examination of all the instructions, that the law involved in the case was fairly given to the jury.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*