The Chicago and Grand Trunk Railway Company

*v.*

Joseph Gaeinowski, Admr.

*Filed at Ottawa April 1, 1895.*

1. Trial—*subsequent exclusion of evidence wrongly admitted.* The admission of incompetent evidence may be cured by its subsequent exclusion from the jury.

2. Same—*court need not give instruction more than once.* Requested instructions fully covered by instructions already given are properly refused.

3. Appeals and errors—*variance must be pointed out at trial.* The objection, in an action for the death of a minor, that the declaration alleged as next of kin his father, mother, two brothers and

five sisters, and that there was proof only of father and mother, must be made in the trial court, to be available on appeal.

4. SAME—*presumption that jury followed the evidence.* It will be presumed, on appeal from a judgment for the death of a minor, that the jury did not consider any loss to any next of kin not proved to be in existence.

5. SAME—*question of damages cannot be reviewed.* The question whether the damages awarded were excessive cannot be reviewed by the Supreme Court.

*C. & G. T. Ry. Co.* v. *Gaeinowski,* 54 Ill. App. 276, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD A. CLIFFORD, Judge, presiding.

SAMUEL B. FOSTER, for appellant.

CHARLES E. REEVE, and STORY, WESTOVER & STORY, for appellee.

Mr. JUSTICE BAKER delivered the opinion of the court:

On March 25, 1891, Andreas Gaeinowski, aged nine years and five months, was struck and killed by an engine of the appellant company, at a grade crossing of the railroad and Loomis street, near Forty-ninth street, in the city of Chicago. Appellee, father of the deceased, as administrator of his estate, brought suit against the appellant, in the circuit court of Cook county, to recover damages for alleged negligence in having caused the death of deceased. The cause was tried before a jury, who returned a verdict in favor of appellee, and assessed his damages at $3000. Judgment was rendered on the verdict. The Appellate Court having affirmed that judgment, appellant prosecutes this appeal.

By the judgment of the Appellate Court the facts in the case have been conclusively settled adversely to the appellant.

It is contended that the trial court erred in permitting appellee to introduce evidence of the drunkenness of the

flagman at times prior to the date of the accident. It is a sufficient answer that the court excluded such evidence from the jury, and the error, if any, of admitting it was thus cured.

The declaration alleged as next of kin of the deceased, the father, mother, two brothers and five sisters. There was proof only of father and mother. This was sufficient to show a cause of action under the statute. The failure to prove there were brothers and sisters would have raised only a question of variance, and, to avail of it, objection should have been made in the trial court, when appellee could either have amended his declaration, or, by leave of court, have introduced evidence of the survival of brothers and sisters. The jury, presumably, did not consider any loss to any next of kin not proved to be in existence. The parents were entitled to the services of their son until he was twenty-one years of age, and in that way, and otherwise, there was a reasonable expectation of benefit from continuance of his life. *City of Chicago* v. *Scholten*, 75 Ill. 468; *Railroad Co.* v. *Delaney*, 82 id. 198; *Stafford* v. *Rubens*, 115 id. 196.

Appellant further contends that the trial court erred in refusing to give the fifth and sixth instructions asked in its behalf. This was not error. The requirement of ordinary care on the part of the deceased was fully covered by the second instruction given for appellant.

It is urged that the damages awarded are excessive, but this question we cannot review.

We have carefully considered the numerous other assignments of error, but find no force in them.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*