## Rockford Insurance Co. v. Eliza Cline.

1.  INSURANCE—*Untrue Statements in the Application.*—An untrue statement in an application for insurance, although made with the knowledge of the applicant, will not render the policy void if the agent of the insurer writing the application had knowledge of the real facts.

**Assumpsit,** on notes given for a policy of insurance.   Appeal from the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding.   Heard in this court at the May term, 1897.   Reversed and remanded.   Opinion filed December 2, 1897.

D. D. HILL and I. A. BUCKINGHAM, attorneys for appellant.

Where an insurance agent is fully acquainted with the extent and condition of an applicant's interest, his knowledge is chargeable to the company, and if, in making out the policy thereon, he fills in a title different from that he knows the applicant possesses, the company can not, on that ground, avoid the policy after loss.   Home Ins. Co. v. Mendenhall, 164 Ill. 458; Rockford Ins. Co. v. Nelson, 65 Ill. 415; Lycoming Fire Ins. Co. v. Jackson, 83 Ill. 302; American Ins. Co. v. Luttrell, 89 Ill. 314; Manufacturers & Merchants' Ins. Co. v. Armstrong et al., 145 Ill. 469; Germania Fire Insurance Co. v. Klewer, 129 Ill. 599; German Insurance Company v. Miller, 39 Ill. App. 633.

A mistaken or untrue statement of a material matter will not avoid the policy when the company knew the real facts; and especially is this true when the agent fills out the application and knowing the real facts, misstates them, either purposely or by mistake.   This doctrine is frequently applied in the other important issue often raised as to whether there was other insurance or whether the condition

of the risk as to their building was truly stated.   May on
Insurance, Secs. 497–499; Wood on Insurance, Sec. 41 and
notes.

As a general rule, a party who has been induced to exe-
cute an agreement by reason of the fraudulent representa-
tions of the other party, may set up such representation in
bar of an action on the agreement.   But this rule is subject
to various exceptions, and one of them occurs when the
representations, though false, relate to the legal effect of
the instrument sued on.   Clem v. Newcastle, etc., R. R. Co.,
9 Ind. 488; 68 Am. Dec. 653.

W. E. REDMON, attorney for appellee.

Fraud avoids a contract *ab initio*, both at law and in
equity, whether the object be to deceive the public or third
persons, or one party endeavors thereby to cheat another.
For the law will not sanction dishonest views and practices,
by enabling an individual to acquire, through the medium
of his deception, any right or interest.   Whitney v. Roberts,
22 Ill., 381; Jamison v. Beaubien, 3 Scam. 113.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF
THE COURT.

This suit was commenced on two promissory notes, one
for $26.25, and the other for $22.50, executed by appellee
for premium on two fire insurance policies issued to her by
appellant.   It was defended upon the ground that appellee
had been imposed upon by appellant's agent who took the
notes and wrote the policies.

The contention of appellee was that the agent, one G.
J. Dorrell, falsely represented that he was an agent or part-
ner of a Mr. Porter, an agent who wrote policies in appel-
lant's company, and in whom she had confidence, and by
such representations induced her to take the policies.   She
also contended that he falsely made her say in an applica-
tion for the insurance that she had no other insurance and
that by reason of such statement, when in fact she had
other insurance, the policies were rendered void.

Even if Dorrell did falsely represent to appellee that he was an agent or partner of Porter, that could not defeat a recovery on the notes. There was no false representation as to the principal, the party bound by the contract of insurance. Appellee knew the company she was being insured in. She had her property already insured in it. As to one of the policies it was but a renewal.

The alleged false statement in the application as to other insurance did not render the policy void. If the fact is as contended by appellee, that the misstatement occurred by reason of Dorrell writing in the application a false answer, certainly the insurance company could take no advantage of it. An untrue statement made in the application, although made with the knowledge of the insured, would not render the policy void, if the agent writing the application knew the real facts. Rockford Insurance Co. v. Nelson, 65 Ill. 415; Lycoming Fire Insurance Co. v. Jackson, 83 Ill. 302; American Insurance Co. v. Luttrell, 89 Ill. 314; Home Insurance Co. v. Mendenhall, 164 Ill. 458.

The verdict of the jury was against the law and the evidence and should have been set aside. The judgment will be reversed and the cause remanded for another trial. Reversed and remanded.