## Wolf Goldstein v. John Reynolds.

1. VERDICTS—*Must Be Made a Part of the Record.*—A copy of a paper which appears in the transcript, purporting to be a verdict by twelve jurors, but not a part of the record, can not be considered by this court.

2. FORMER DECISIONS—*Nathan v. City of Chicago, 75 Ill. App. 326.*—The court is not disposed to follow the case of Nathan v. The City of Chicago, 75 Ill. App. 326.

**Action for Rent.**—Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed January 2, 1900.

ELMER H. ADAMS, attorney for appellant.

YOUNG, MAKEEL, BRADLEY & FRANK, attorneys for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This suit was commenced by appellee to recover from appellant for rent claimed to be due upon a written lease. There were two suits for different installments which were

consolidated and tried as one suit. The abstract of record filed by appellant is very incomplete, but we understand that the pleadings, as finally settled, are a declaration in covenant, a plea of *non est factum* and a plea of release. No testimony was offered under the plea of *non est factum*. The only contested issue is upon the plea of release. The issue thus presented was tried by a jury and a verdict was rendered in favor of appellee.

Counsel for appellant contend that the verdict is not sustained by the evidence. The verdict is not so palpably against the weight of the evidence as to justify a reversal, for that reason, of the judgment entered thereon. No objection is made respecting the admission or exclusion of testimony. If there was no error in the submission of the issue involved, to the jury, the contention of counsel that the verdict is not sustained by the evidence can not prevail.

Complaint is made as to an instruction given at the request of appellee because it contained these words: "in this case, if you believe from the evidence that the defendant, Goldstein, assigned his lease or sublet the premises." The complaint is, there was no testimony tending to show that appellant leased or sub-let the premises. It appears that appellant sold his stock in trade which was upon the premises, and that the purchasers went into possession of the premises. One of the purchasers testified that appellant said to appellee that he (appellant) had sold out his business, "lease and all." There was testimony tending to show that appellant had either assigned his lease or sub-let the premises to his successors. No other objection to said instruction is made. That objection is not well taken.

Complaint is also made by counsel for appellant, that the court erred in refusing to give two instructions asked by appellant. They are upon the theory that the evidence tends to show that appellant offered in good faith to surrender said premises to appellee, and that appellee accepted such offer and that appellant did surrender said premises to appellee. There is no evidence whatever tending to sustain that theory. And, besides, there is no such issue in the

case.   The court did not err in refusing to give said two instructions, or either of them.

It is also urged that said judgment must be reversed because the transcript filed in this cause shows that but ten persons were impaneled as a jury, and that the verdict is rendered by twelve.   There appears in the transcript a copy of a paper purporting to be a verdict by twelve jurors.   It is not in the bill of exceptions, and is no part of the record, and can not be considered by this court.   Prussing v. Jackson, 85 Ill. App. 324; Goldstein v. Smith, 85 Ill. App. 588; Lambert v. Borden, 10 Ill. App. 648.

The case of Nathan v. City of Chicago, 75 Ill. App. 326, in so far as it may be construed as in conflict with the views here expressed and the cases cited, we are not disposed to follow.

A supplemental record, filed by leave of court, shows that the trial court entered an order after this cause was pending in this court, which shows that the jury was properly impaneled and returned a verdict in due form.

In this case a rehearing was ordered, and this opinion is upon such rehearing, and the opinion heretofore filed in this cause is withdrawn.

The judgment of the Circuit Court is affirmed.