# A. M. Crone v. Wm. T. Garst.

1. APPELLATE COURT PRACTICE—*Where No Exceptions Are Taken.*— Where no exception is taken to any ruling of the court at the trial, the Appellate Court can only review such questions as are saved by the motion for a new trial and an exception to the ruling upon it.

2. CONSIDERATION—*The Question of, to be Raised at the First Opportunity.*—The question of consideration or no consideration of a contract sued upon can not be raised for the first time in the Appellate Court.

3. NEW TRIALS—*Cumulative Testimony Not a Sufficient Cause for Granting.*—The fact that mere cumulative testimony may be had upon another trial is never sufficient ground for granting a new trial, especially when it is only by pure conjecture that it can be said that such additional evidence, if had, would alter the verdict.

4. VERDICTS—*The One Recorded Controls.*—Where it is claimed that the jurors sworn to try the cause did not return the verdict, and the point is based upon a variance of names appearing upon a supposed paper verdict, signed by the jurors, from those appearing in the recorded verdict, and the paper verdict does not appear in the bill of exceptions, the recorded verdict controls.

Appeal from the Circuit Court of Cook County; the Hon. GEORGE W. BROWN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed March 13, 1900.

PHELPS & CLELAND, attorneys for appellant.

RICHARD W. ROBINSON, attorney for appellee.

Objections not made and presented below can not be considered in the Appellate Court for the first time. Buckingham v. P., 26 Ill. App. 273; C. P. & St. L. Ry. Co. v. Lewis, 145 Ill. 79.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

No exception was taken to any ruling of the court at the trial, and we are therefore at liberty to review only such questions as were saved by the motion for a new trial and an exception to the overruling thereof.

The suit was begun before a justice of the peace, and there being no pleadings we can only gather from the evidence what the issues were that were tried.

Crone v. Garst.

The real controversy between the parties is whether or not appellant agreed with the appellee to pay back to him the sum of $160 which he had paid, and which was indorsed upon a certain $1,000 note, made by him and given up to him—the conditions under which it was given having ceased.

The verdict of the jury in appellee's favor was tantamount to a finding by them, upon the evidence, that appellant agreed to pay back the $160 so paid by appellee.

But it is urged that there was no consideration for the agreement, or promise, to pay back the $160; that if appellant did so agree it was a mere *nudum pactum*, there being neither benefit to the promisor nor detriment to the promisee, which might stand as a consideration for the promise.

It does not appear that this question was ever raised in the court below, and we might dismiss its consideration for that reason.   But we think a complete answer to it may be found in the circumstance that the relinquishment by appellee of his right to receive the shares of stock for the purchase of which by him the $1,000 note was given, constituted a sufficient consideration for the promise.   The stock was not to be transferred to appellee until one year after the note was given and should be paid, and appellee having paid the $160 on account of the purchase represented by the note, his relinquishment of right to receive any of the stock was all the consideration necessary to support a promise to pay back to him what he had paid on account of its purchase.

Although we do not observe from the abstract that there was any such express relinquishment made by appellee, such is, by inference, the clear effect of the transaction as shown by the evidence.

It is next claimed that appellant was entitled to a new trial in order that he might be able to produce on such trial an absent witness whose affidavit was presented and read on the hearing of the motion for a new trial.

If testimony of the absent witness to the precise facts stated in his affidavit were to be had, it would amount only

to a corroboration of the testimony of appellant in denial of a conversation between appellant and a witness who testified for appellee. The fact that mere cumulative testimony may be had upon another trial is never sufficient ground for granting a new trial. C., B. & Q. R. R. Co. v. Sullivan, 21 Ill. App. 580.

The testimony would be far from decisive of the case under the other evidence. It is only by pure conjecture that it can be said that such additional evidence, if had, would alter the verdict.

If there were any errors concerning the admission or rejection of evidence, there was no exception to the ruling of the court in such regard, and the same applies to the limit of time placed for argument to the jury.

The remaining assigned error of which we can take notice, is that the jurors sworn to try the cause did not return the verdict. This point is based upon a variance of names appearing upon a supposed paper verdict signed by the jurors, from those appearing in the recorded verdict.

The paper verdict referred to does not appear in the bill of exceptions, and though appearing in the record proper, that is certified to by the clerk, it has no place there, and can not be looked at by us for any purpose involved at this time. The recorded verdict controls. Goldstein v. Reynolds, 86 Ill. App. 390.

Nothing remains for us but to affirm the judgment, which is done accordingly. Affirmed.