Fidelity & Casualty Co. v. Oehne.

---

### Fidelity and Casualty Co. v. Theodore Oehne, Ex'r, etc.

1. LIFE INSURANCE—*When False Answers in the Application Will Not Invalidate the Policy.*—Where an applicant for life insurance makes true answers to questions in his application, the validity of his policy will not be affected by the falsity of the answers inserted by the agent of the company, even though it contains a stipulation that the agent takes the application as the agent of the applicant.

2. VERDICTS—*The Recorded Verdict Prevails.*—Where two verdicts

appear in a case, it is the recorded verdict which controls, especially where the other verdict does not appear in the bill of exceptions, but only in the record made up by the clerk. In order to have the other verdict examined by the court it must be preserved by a bill of exceptions. It is not sufficient to insert the verdict in the common law part of the record made by the clerk, where it has no place.

**Assumpsit,** on a policy of life insurance. Appeal from Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed March 12, 1901.

O. W. DYNES, attorney for appellant.

WINSTON & MEAGHER, attorneys for appellee; FREDERICK R. BABCOCK and EDWARD S. WHITNEY, of counsel.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

This is a suit on a policy of insurance, brought by the personal representative of Ferdinand Zeug, deceased, to whom the appellant had issued a policy of insurance during his lifetime. One of the conditions of the policy provided that the sum of $5,000 would be paid to the estate of Zeug, in case he should die as a result of injuries accidentally received. The declaration alleged and it was proved that Zeug fell upon the sidewalk and sustained the injuries from which he died. This was during the period covered by the policy. The appellant defended the suit on the propositions that Zeug, at the time of making out the written application for insurance, was guilty of a breach of warranty in respect of his age, and was guilty of material misrepresentations in that respect, which induced the policy to be issued, and which, had the truth been disclosed instead of misrepresented, would not have been issued.

It appears that the application for the policy was made by Zeug at the solicitation of one Robert B. Pierpont, an insurance solicitor for the appellant, and that the answers to the questions contained in the application were written down by Pierpont and signed by Zeug. Underneath the application appears the following: " I recommend this

risk, and state that this application was signed at Chicago, the 8th day of October, 1895. R. B. Pierpont, Agent."

The second question and its answer, which have caused the controversy, appear together, and are, " My age is 60." Pierpont wrote the answers to all the questions, including the figures " 60 " after the printed words " My age is." At that time Zeug was certainly older than sixty, and was almost certainly between sixty-four and sixty-five years. Two witnesses testified to having been present with Mr. Pierpont and Mr. Zeug at the time the application was made out, and that when the question was read by Pierpont to Zeug, the latter replied that he was between sixty-four and sixty-five years of age. The response of Pierpont is also given by the witnesses, one of them saying that Pierpont responded :

" Well, that is all right, we will take you; you are a good healthy man; we will take your application, Mr. Zeug, you are a good healthy man, been out of business a good many years and you are good for twenty-five years; * * * a few years don't amount to anything on your age."

The other witness testified the response made to Zeug by Pierpont, was " Well, a matter of a few years don't make any difference."

Pierpont did not testify in the case, but an affidavit for continuance was read, wherein it was said that he would testify, if present .as a witness, that the answers and each of them as they appear in the application were as given by Zeug; and that no one except Zeug and himself was present at the time, and it was admitted that he would so testify if on the witness stand.

Just preceding Zeug's signature to the application, appears the following printed matter :

" I warrant each and all the foregoing statements to be true and complete. It is also agreed ₍and warranted that this application, whether as respects anything contained therein, or omitted therefrom, has been made, prepared and written by the applicant or by his own proper agent."

And in the policy itself, there is contained the statement :

" In consideration of the warranties made in the applica-

tion for this policy (copy of which is indorsed thereupon) and of thirty and 00 dollars, The Fidelity and Casualty Company of New York, hereinafter called the company, does hereby insure Ferdinand Zeug," etc.

The contention is that the statement of Zeug's age as sixty, in the application, constitutes a material warranty, which, being untrue, invalidated the policy.

We are not without authority, in this State, as to the effect to be given to false answers inserted by an agent of an insurance company in an application for insurance, to questions which the applicant has answered truthfully, although the application expressly stipulates that such answers shall be treated as warranties, and that the agent of the insurance company writing down the answers is the agent of the applicant. Royal Neighbors of America v. Boman, 177 Ill. 27.

In the case cited, Mr. Justice Wilkin, speaking for the court, said :

"Where one makes true answers to the questions in an application for insurance, the validity of the insurance is not affected by the falsity of the answers inserted by the agent of the company, even though the application contained a stipulation that the agent took the application as the agent of the insured."

And in other parts of the opinion, the learned writer gives a wealth of reason in support of such holding.

We see no distinction in principle to be fairly drawn from the fact, in the case referred to, that there the person falsely writing down the truthful answers was the medical examiner of the insurance company, and the fact in this case that Pierpont was the soliciting agent of the company.

It is undisputed here that Pierpont was acting for the company in soliciting the insurance in question, and it can not be held that in taking down Zeug's answers to the questions read to him he was not acting within the scope of his authority as solicitor.

Especially is this so, when the appellant company afterward issued the policy upon the application recommended by Pierpont in express terms on the face of the application.

We might well content ourselves with the case cited, but for reference purposes we cite the following in addition: Metropolitan Life Insurance Company v. Larson, 85 Ill. App. 143; Rockford Insurance Company v. Cline, 72 Ill. App. 495; Commercial Insurance Company v. Ives, 56 Ill. 402; Globe Mutual Life Insurance Association v. Wagner, 90 Ill. App. 444.

The cases in Illinois are not in entire harmony with those in some of the other States, but they have, as we think, settled the law in substance as above expressed.

The errors that appellant claims were committed by the trial court in respect of improper remarks upon the evidence in the presence of the jury, and with reference to the admission and refusal of evidence, have been considered by us, but we do not think they have such general merit as to require us to discuss them in this opinion. It is enough that we discover no material error in such respects.

Complaint is made of the refusal by the court to give two of appellant's asked instructions, as follows:

" The court instructs the jury that if you find in this case that the evidence preponderates in favor of the defendant, The Fidelity and Casualty Company of New York, then it is your duty under the law to find the issues for the defendant.

" The court instructs the jury that if you find the evidence in this case is evenly balanced and not preponderating either in favor of the plaintiff or the defendant, you should then find the issues for the defendant."

Another instruction was given by the court at appellant's request which, in our opinion, is more precisely accurate than either of those that were refused, and fairly and fully covers the same ground. The given instruction was as follows:

" The court instructs the jury that the burden of proof in this case is upon the plaintiff, and you are not at liberty to find a verdict in his favor unless you believe from the evidence that he has proved the material allegations of some one or more counts of his declaration by a preponderance of the evidence."

There was no error committed in the refusal complained

of. Burke v. Sanitary District, 152 Ill. 125; Kendall v. Young, 141 Ill. 188; Chicago City Ry. Co. v. Hastings, 136 Ill. 251; Chicago and Grand Trunk Railway Company v. Gaeinowski, 155 Ill. 189.

Further complaint is based upon the giving of one of appellee's instructions, the law as to which has already in effect been reviewed by us in accord with the substance of the instruction.

As to the irregularity of the verdict because, as claimed, it was not signed by the same jurors impaneled to try the case, we refer to Crone v. Garst, 88 Ill. App. 124, where we held that the recorded verdict controls the paper verdict; and this would be especially true where the paper verdict does not appear in the bill of exceptions, but only in the record proper, made up by the clerk.

In order for the paper verdict to be looked at by us it should have been preserved by bill of exceptions. It is here only in the common law part of the record, made by the clerk, where it has no place. Goldstein v. Reynolds, 86 Ill. App. 390; see also Kirk v. Senzig, 79 Ill. App. 251.

We see no occasion for further comment.

The judgment of the Circuit Court will be affirmed.