## The Blue Island Brewing Company v. Alexander Fraatz.

### Gen. No. 11,912.

1. VERDICT—*when not part of record.* The paper verdict of the jury is not a part of the transcript of the record proper and to become so must be made a part of the bill of exceptions certified to by the clerk in the transcript made by him.

2. VERDICT—*what is the, where given by direction of court.* The verdict returned by the direction of the court is equivalent to an announcement made by the jury in open court, and such announcement is the true verdict, and an irregularity contained in the formal return thereon cannot be availed of as ground for a new trial.

3. GUARANTY—*when not ultra vires.* A guaranty given by a corporation is not *ultra vires* where by entering into the same it thereby created for itself a new customer and an additional outlet for its manufactured product.

4. GUARANTY—*when giving of, within corporate powers.* Guaranties given by a corporation in the reasonable prosecution of its business are within its corporate powers.

Blue Island Brewing Co. v. Fraatz.

5. GUARANTY—*when burden of proving execution of, upon plaintiff.*
Where the defendant files the general issue verified, the burden is upon
the plaintiff to prove the execution of the instrument in suit.

6. GUARANTY—*what essential to proof of execution of, by corpora-
tion.* Where the burden has been placed upon the plaintiff to prove
the execution of a written obligation by a corporation, it should be
shown as part of such proof that the officer executing the obligation in
the name of the corporation had authority so to do.

7. REPLICATIONS—*when properly conclude to country.* Replications
which traverse the material allegations of a plea, properly conclude to
the country.

Action of assumpsit. Appeal from the Circuit Court of Cook
County; the Hon. JULIAN W. MACK, Judge, presiding. Heard in the
Branch Appellate Court at the October term, 1904. Affirmed. Opinion
filed October 6, 1905.

**Statement by the Court.** This action in assumpsit was
brought by Alexander Fraatz against appellant and others
upon three promissory notes signed by defendants George
Trautwein and Frank Rohwedder. The notes bore the
following indorsement: "We the undersigned herewith
secure the payment of the within note." This indorse-
ment on each note was signed by appellant by its secretary
and by John Langbein.

The declaration contained three special counts, one on
each note, in the ordinary form of a declaration against
makers and guarantors, setting out the guarantee in *haec
verba* in each count, and the common counts, and averring
that the said defendants, The Blue Island Brewing Com-
pany and John Langbein, at the same time and place of
the execution of the notes and as a part of the same trans-
action, guaranteed the notes, etc., for value received.

Upon the trial the plaintiff offered evidence tending to
show that Rohwedder. one of the makers of the notes, was
about to go into the saloon business and borrowed $350 of
the plaintiff, for the purpose of paying for his license and
to establish himself in business, upon his notes guaranteed
by The Blue Island Brewing Company, and that the latter
signed the guarantee at the time the notes were made and
delivered, in consideration that Rohwedder would purchase
his beer from the brewing company; and that after the

making of the notes and guarantee Rohwedder purchased his beer of the brewing company. The plaintiff also offered evidence of the execution of the notes and guarantees by the brewing company by its secretary Matt Helberg, and offered the notes and guarantees in evidence. To this evidence the defendant (appellant) objected and preserved proper exceptions.

Appellant introduced in evidence its by-laws showing the respective powers and duties of its officers, and that all written contracts were required to be signed by the president and secretary and the corporate seal to be attached, and rested. Appellant requested a peremptory instruction in its favor, which was refused by the court. Thereupon the court instructed the jury to find the issues for the plaintiff and assess plaintiff's damages at the sum of $521.50, and a verdict was returned accordingly. The court having overruled appellant's motion for a new trial and in arrest of judgment, entered judgment in favor of plaintiff and against the defendants.

RUBENS, DUPUY and FISCHER, for appellant.

NEWTON WYETH and H. W. McEWEN for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

It is contended by appellant that the court erred in accepting a verdict signed by A. C. Rustad who was not a member of the jury empaneled to try the case, and entering judgment thereon, and that therefore its motion for a new trial should have been sustained.

The only place in the record in which the name of A. C. Rustad appears is on a paper in the transcript purporting to be a verdict and recited to have been filed in the case. This copy of a paper is not in the bill of exceptions and is not a part of the record, and we cannot consider it. Lambert v. Borden, 10 Ill. App. 648; Prussing v. Jackson, 85 Ill. App. 341; Goldstein v. Reynolds, 86 Ill. App. 390.

This was a directed verdict, and their verdict was returned

in accordance with the instructions of the court. This amounted to an announcement of the verdict in open court. The verdict thus announced was received and is the true verdict. Griffin v. Larned, 111 Ill. 432.

The chief ground relied upon by appellant as a defense in the court below and now insisted upon in this court is that the making of the alleged guarantees was wholly outside of the corporate power of appellant.

The general principle is invoked that a corporation cannot guarantee a note or contract for a third person, and such attempted guaranty is *ultra vires* and void and does not bind the corporation, for the reason that a corporation's charter is the measure of its powers, and all power not expressed or fairly to be implied is denied to it. The power to lend its credit to another, or pledge its property to secure the debt of another in a matter in which it has no interest, or is not for its benefit, cannot as a general rule be implied. This rule of corporation law is too well settled by adjudicated cases to be questioned. It is founded in reason and justice and is necessary to the proper protection of the rights of stockholders in and creditors of corporations.

Aside from the averments of the pleas, the court is not informed as to the corporate powers of appellant. Its charter was not offered in evidence. But assuming that the averments of the pleas are true and that appellant was organized for the purpose of the manufacture and sale of malt and the manufacture and sale of beer and malt liquors, and for no other purpose, as alleged, the question is whether or not the guarantees in question were beyond the corporate powers of appellant.

In our opinion the guarantees were not beyond the corporate powers as stated in the pleas of appellant. The establishment of a new saloon by Rohwedder under the circumstances and agreements shown by the evidence on behalf of the plaintiff, which is not controverted, furnished a new customer and a new outlet for the product of appellant's manufacture. To accomplish this object and increase the sale of beer was clearly within the purview of appel-

lant's business, and in the competition that pervades all business in these times it may be regarded as a necessary part of appellant's business. Power to carry on the business of manufacturing and selling beer "necessarily carries with it, as an incident, the power to adopt and promote all reasonable expedients directly calculated to increase the number of patrons" of the business. Richelieu Hotel Co. v. International Encampment Co., 140 Ill. 248-263.

In B. S. Green Co. v. Blodgett, 159 Ill. 169, the action was upon a subscription contract signed by appellant and others to secure the location of a post office adjoining a building owned by it and which it occupied for its business of manufacturing and dealing in saddlery, hardware, leather, shoe findings and vehicles. The court held that the making of the subscription and executing the instrument sued on in that case was not beyond the corporate powers of the Green Co. The reasoning of the court and the considerations advanced for holding the appellant in that case liable on its contract apply to the case at bar and compel us to hold, under the evidence in this case, that the making of the undertaking sued on in this case was clearly within the corporate powers of appellant and a reasonable exercise of the power and authority of the president and secretary of appellant. See also Chicago Building Society v. Crowell, 65 Ill. 459; Bradley v. Ballard, 55 Ill. 417. The point is made that the guarantees in question were without consideration and therefore void. A consideration may consist of a benefit to the promisor or of a detriment to the promisee. It appears that both these considerations were present in the transaction before us. But whether the guarantees resulted in a benefit to appellant or not, appellee advanced his money upon the strength of them.

Several questions are raised upon the rulings of the court in admitting evidence and in settling the pleadings in the case.

The defendants George Trautwein and John Langbein did not appear and were defaulted. The defendant Frank Rohwedder appeared and pleaded the general issue with

Blue Island Brewing Co. v. Fraatz.

an affidavit of merits. The appellant, Blue Island Brewing Company, on September 18, 1899, filed the general issue and an affidavit of merits. Subsequently, on April 24, 1900, by leave of court, appellant filed the following five additional pleas: (1) the general issue verified; (2) a plea of *ultra vires* to the three special counts setting up that the defendant was an Illinois corporation organized for the manufacture and sale of malt and malt liquors and for no other purpose, and that it was not authorized to guarantee the notes set out in the declaration; (3) that it was not authorized to guarantee accommodation notes and papers, and that the alleged indorsements were without consideration and were for the accommodation merely of the makers of the notes; (4) that appellant is an Illinois corporation organized for the purpose of manufacture and sale of malt and malt liquors and no other purpose, and that its secretary, as secretary or otherwise, was not authorized to sign the name of defendant to the guaranty and that the defendant did not guarantee the notes; and (5) after setting up the purpose of its organization and that the secretary was not, as secretary or otherwise, authorized to sign the name of defendant to the guaranty, it sets up a by-law of defendant providing that written contracts entered into in behalf of defendant should be signed by the president and secretary and the corporate seal should be attached, and that it did not guarantee the payment of the notes.

A similiter was filed by the plaintiff to the first additional plea of the general issue verified. To the second additional plea the court sustained a general demurrer, and appellant elected to abide by its plea and refused to plead further, and now assigns the ruling of the court as error. To appellant's third plea plaintiff filed a replication denying that the promissory notes, or either of them, were accommodation paper, and averring that the signature of appellant upon the back of the notes was not placed thereon without consideration to said defendant, Blue Island Brewing Company, and that said signature was not placed on said notes and each of them merely as accommodation to

the makers, or any, or either of them.   To this replication
appellant filed a similiter.

To the fourth additional plea appellee, having obtained
leave to reply double, filed four replications.   The court
sustained demurrers to the first and fourth, and these are
out of the case.   The second replication to this plea set up
that Helberg, either as secretary of defendant or other-
wise, was authorized by the by-laws of the defendant to
sign the name of the defendant to the guaranty.   The
third replication to this plea averred that Helberg, as sec-
retary or otherwise, was authorized by the act of the board
of directors of said defendant to sign the name of the
defendant to the guaranty.   Defendant company (appel-
lant) demurred specially to each of these replications, as-
signing as grounds that they are double, that they are in
the alternative, that they conclude to the country when
they should conclude with a verification, that the third
replication fails to allege when or where or the nature of
the act of the board of directors therein mentioned and
that it tenders an issue of law and not of fact.   The court
overruled defendant's (appellant's) demurrer to the second
and third replications to this (fourth) plea, and defendant
elected to abide by its demurrers, and now assigns the ac-
tion of the court thereon for error.

To the fifth additional plea of the defendant (appellant),
appellee, under leave of court to reply double, filed four
replications to the same effect as those filed to the fourth
plea.   The first and fourth replications were held bad on
demurrer, and special demurrers to the second and third
replications to this (fifth) plea were overruled by the court.
Appellant stood by its demurrers and now assigns for
error the rulings of the court thereon.

The general issue verified threw upon the plaintiff the
burden to prove the execution of the guarantees, and where,
as in this case, the guarantees were executed in the name
of the defendant by some other person claiming to act as
an officer or agent, the plaintiff was compelled to show that
such officer or agent had competent authority to execute

them for the defendant. The evidence offered by plaintiff tending to show the transaction in which the guarantees were executed was, in our opinion, admissible upon this issue, and we find no error in the rulings of the court on objections to evidence.

The second additional plea of the defendant was bad in substance, for the reason that it did not show that appellant had no beneficial interest in the giving of the notes and guarantees or that they were not reasonably in furtherance of the business of appellant. If the notes and guarantees were given in the reasonable prosecution of its business, they were not beyond the corporate powers of appellant, as we have seen. The court correctly held the plea bad on demurrer.

We do not think the court erred in overruling the demurrers of appellant to the second and third replications to the fourth plea of the defendant, or to the second and third replications to the fifth plea of defendant. These replications were not double. The substantive issue tendered by the replications was that Helberg had authority to sign the guarantees in question. These replications traversed material allegations of the plea, setting up want of authority in Helberg; and they properly concluded to the country.

It is contended on behalf of appellant that the court erred in refusing to give the peremptory instruction to find the issues for the defendant (appellant) requested by it at the close of appellee's evidence or at the close of all the evidence in the case. With this contention we cannot agree. The evidence offered on behalf of appellee fairly tended to prove the issues; and at the close of all the evidence it stood uncontradicted. It would have been error to exclude it and give the instruction to find for appellant.

Nor do we think the court erred in instructing the jury to find the issues for appellee and as to the amount of damages they should assess. As above suggested, there was no controverted question of fact in the evidence. The evidence on behalf of the plaintiff was harmonious and consistent in

every part. The only evidence offered by appellant was its by-laws. These did not in any way affect the merits of the case. It became, therefore, a question of law for the court as to whether the plaintiff was entitled to recover and the extent of the recovery.

Finding no reversible error in the case, the judgment of the Circuit Court is affirmed.

*Affirmed.*