## The People of the State of Illinois for use of Lucella Cruthis, Appellee, v. John B. Revelli and Western Brewing Company, Appellants.

1. BONDS, § 34*—*when plea of nil debet not proper*. Nil debet is not a good plea in an action of debt on a penal bond which recites on its face an acknowledgment of the debt, and a demurrer to such plea is properly sustained.

2. CORPORATIONS, § 506*—*nature of plea of ultra vires*. The plea of *ultra vires* is a denial of the power and authority of the pleader to do and perform acts with which it is sought to be charged.

3. INTOXICATING LIQUORS, § 57*—*when plea of ultra vires by surety in action on dramshop keeper's bond demurrable*. In an action on a bond given by a dramshop keeper under R. S. c. 43, § 5, J. & A. ¶ 4604, a plea of *ultra vires* by one of the sureties, a brewing corporation, engaged in manufacturing and selling beer, denying it had authority under its charter to become surety on the bond, *held* demurrable, the plea not showing that it did not have general authority to perform all acts in providing for the sale of its products.

4. INTOXICATING LIQUORS, § 57*—*when plea by surety in action on dramshop keeper's bond demurrable*. In an action on a bond given by a dramshop keeper to procure a license, there having been a judgment previously recovered against the dramshop keeper for the wrongful sale of liquor to plaintiff's husband, a demurrer to a plea denying the sale of liquor to plaintiff's husband, and denying that plaintiff was injured in her means of support thereby, *held* properly sustained.

5. INTOXICATING LIQUORS, § 57*—*conclusiveness of prior judgment against dramshop keeper in action on dramshop keeper's bond*. In an action on a bond given by a dramshop keeper to procure his license, a judgment recovered against the dramshop keeper for damages resulting to plaintiff from the wrongful sale of liquor to plaintiff's husband is conclusive that the sales were made, that they were wrongful and that plaintiff was damaged by reason thereof.

6. INTOXICATING LIQUORS, § 57*—*when evidence offered in action on bond insufficient to show vindictive damages were recovered in prior action against dramshop keeper*. In an action on a dramshop keeper's bond, where a judgment had been previously recovered against the dramshop keeper for wrongfully selling liquors to plaintiff's husband, and such judgment remained unpaid, action of court in sustaining objection to the introduction in evidence of the stenographer's report of the evidence in the former suit, to prove

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

that a verdict was rendered in that case for vindictive as well as actual damages, *held* not error, such evidence being insufficient to prove that vindictive damages were included in the verdict, and the amount of the verdict not justifying such contention.

7. INTOXICATING LIQUORS, § 57*—*when charter of surety inadmissible in suit on dramshop keeper's bond.* In an action on a dramshop keeper's bond, an objection to introduction in evidence of the charter of a brewing corporation, one of the sureties, to show it had no authority to execute the bond, *held* properly sustained.

Appeal from the Circuit Court of Montgomery county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed October 16, 1913. *Certiorari* denied by Supreme Court (making opinion final).

D. R. KINDER and SCHAEFER & KRUGER, for appellants.

F. M. GUINN, MILLER, McDAVID & MILLER and HARRY L. BALLARD, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

Appellee sues John B. Revelli for the wrongful sale of intoxicating liquor to her husband, thereby causing his death. Appellant, the Western Brewing Company, and O. L. Kinzer were sureties on the bond given by John B. Revelli, required to be given by the keeper of a dramshop under section 5, chapter 43 of the Revised Statutes (J. & A. ¶ 4604), and for its wrongful sale to the husband of appellee, a judgment of three thousand dollars was recovered against him. That judgment not having been paid, appellee brought suit on the bond against John B. Revelli, the Western Brewing Company and O. L. Kinzer as sureties. Appellant Western Brewing Company filed pleas of *nil debet* and *ultra vires*. Demurrers were sustained to both of these pleas. Appellants then filed pleas denying the sale of intoxicating liquor by John B. Revelli to the deceased, and denying that appellee was injured in her means of support by reason of the death of her husband. A demurrer was sustained to this plea and

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

appellant Western Brewing Company and Kinzer then
filed a plea setting up that they were not parties to
the suit in which the judgment was rendered, had had
no opportunity to defend, also that on that trial evi-
dence was introduced and instructions given to the
jury on the question of vindictive damages, and that
vindictive damages were allowed to appellee against
said John B. Revelli. A demurrer to this plea was
overruled, replication filed and issue joined.

Appellee offered in evidence the record of the judg-
ment against John B. Revelli, together with the bond,
on which bond appellants Western Brewing Company
and Kinzer were sureties, and rested. Whereupon
appellant moved to direct a verdict, the motion was
overruled. Appellants then introduced in evidence
the instruction given in the action brought by appellee
against John B. Revelli, relating to vindictive damages
in that case. Appellants then offered to show by the
stenographer who reported the evidence in that case
the evidence given upon that trial concerning notice
to John B. Revelli requesting him not to sell intoxi-
cating liquor to the husband of appellee; objection to
this evidence was sustained. Appellant Western
Brewing Company then offered in evidence its charter
as a corporation, for the purpose of showing that it
did not have the power to become surety upon the bond.
Objection was also sustained to this offer of evidence.
This being all the evidence on behalf of appellant,
they then renewed their motion to direct a verdict for
the defendants and each of them. This motion was
overruled. Whereupon the court, on motion of ap-
pellee, directed a verdict against appellants for the
amount of the former judgment, three thousand dol-
lars.

It is contended by appellants that the court erred
in refusing to direct a verdict for the appellants and
each of them, that it erred in sustaining objections to
each offer of evidence made by them, and erred in
directing a verdict for plaintiff.

Revelli was engaged in the sale of intoxicating liquors. In order to obtain his license to sell intoxicating liquors it was necessary that he furnish and provide a bond running to the People of the State of Illinois and conditioned as required by the Dramshop Act. For the purpose of assisting him in securing his license, appellant Western Brewing Company signed this bond. The Brewing Company was incorporated to manufacture and sell beer; in order to continue in business it was necessary to dispose of its product, and it was empowered under the law to do all lawful acts in the furtherance of its business. In order to assist the appellant Revelli to conduct a dramshop and make sales of beer, which was a product manufactured by it, the Western Brewing Company executed this bond. It is but a legitimate inference that in creating an agency for the sale of a product produced by it to that extent it was benefited in its business. And it should not be permitted after having been instrumental in securing the license for the dramshop keeper, by whom the wrong was committed and the damage done, to deny its authority to execute the bond by means of which it was instrumental in securing the license for Revelli, for without the license having been issued upon the furnishing of this bond, as required by law, no injury would have occurred to appellee through this channel.

Upon the contention that the court erred in sustaining demurrers to the plea of *nil debet,* it has been a universal rule of practice in this State that *nil debet* is not a good plea in an action of debt, the bond reciting on its face an acknowledgment of the debt, and this being an action brought upon a penal bond executed by appellants, it follows that the demurrer to the plea of *nil debet* was properly sustained.

The appellant Brewing Company insists that under its charter it had no authority to become surety upon the bond of a dramshop keeper, and that its plea of *ultra vires* was a good plea. The plea of *ultra vires*

is the denial of the power and authority of the pleader to do and perform acts with which it is sought to be charged. And in this instance the pleas set forth that the Western Brewing Company was organized and incorporated under the laws of Illinois for the manufacture and brewing of beer, malt extract and other malt, vinous and spirituous liquors and the sale of the same, and denying that it was incorporated as a surety company, and that by reason of it not having specific authority under its charter powers to become such surety that the obligation executed by it is null and void. This plea does not aver or show in what manner or by what means the sale of its product might be consummated, and from all that appears in this plea it had general authority to do and perform all acts which would tend to provide for and be instrumental in the sale of its products. While we do not wish to be understood as holding that this corporation had the power to do a general surety or security business and become surety under any and all conditions, we do hold that the plea filed by the Western Brewing Company in this action does not show and is insufficient for the purpose of presenting the question as to whether its act was *ultra vires,* all the material facts averred in the plea might be true and still the act of becoming surety on this bond not be *ultra vires.* The demurrer to this plea was properly sustained. *Blue Island Brewing Co. v. Fraatz,* 123 Ill. App. 26; *Chicago & M. Tel. Co. v. Type Tel. Co.* 137 Ill. App. 131.

The next plea filed by appellant denies the sale of intoxicating liquor by John B. Revelli to the deceased and denies the appellee was injured as a result thereof in her means of support. Appellee having prosecuted the cause of action against the dramshop keeper who committed the wrong and for whom the Western Brewing Company and Kinzer became sureties, the judgment recovered by appellee in that action against the dramshop keeper is conclusive that the sales were

made, and that they were wrongful, and that appellee has been damaged by reason thereof as against the sureties of the dramshop keeper; and it follows therefore that the plea presented no defense, and the demurrer was properly sustained thereto.

The Western Brewing Company and Kinzer then filed an additional plea setting up that they were not parties to the suit in which the judgment was rendered and had had no opportunity to defend; that on that trial evidence was introduced and instructions given on the question of vindictive damages, and that vindictive damages cannot be recovered in an action upon this bond. It is under this plea that appellants offered evidence to which objections were sustained.

Appellant insists that it was error for the court to sustain the objection to the evidence of the stenographer by whom appellant offered to prove from his notes evidence of notice to Revelli not to sell liquor to appellee's husband. The only object of the tender of this evidence was for the purpose of proving that in the verdict rendered by the jury in the action against Revelli the jury awarded vindictive as well as actual damages. The admission of this evidence could not have in any way determined or enlightened the jury trying this cause upon the question as to whether or not vindictive damages were included in their verdict. The cause of action in that case was the death of appellee's husband, the amount of the judgment was three thousand dollars. The action was brought for the loss, damage and injury to the support of appellee; by the death of her husband she was deprived of the support to which she was entitled. The amount of the verdict recovered precludes any contention that vindictive damages were included therein. The courts of this State have sanctioned judgments in greater amounts than this upon the mere presumption of loss of support. The court did not err in sustaining the objection to this evidence.

Appellant Western Brewing Company then offered in evidence its charter and this offer was made solely for the purpose of showing that the Brewing Company had no power under its charter to execute the bond. From what has heretofore been said in this regard, the court properly held that the Brewing Company was estopped to deny its authority to execute this bond and properly sustained the objection to this evidence.

This being all of the evidence offered on behalf of appellants, the court again properly overruled its motion to direct a verdict and the court having sustained demurrers to all of the pleas filed by the defendants except the one concerning vindictive damages, and the only evidence admitted in support of this plea being the instruction given by the court upon the former trial, there was no evidence to sustain the plea. The court properly instructed the jury to find the verdict for appellee.

Finding no error in this record, the judgment of the trial court is affirmed.

*Affirmed.*